COMMONWEALTH vs. GREGORY N. STIRK.

Middlesex. March 6, 1984. — August 28, 1984.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, & LYNCH, JJ.

*Constitutional Law*, Assistance of counsel, Admissions and confessions. *Conflict of Interest. Practice, Criminal,* Voluntariness of statement.

The record in a murder case provided no support for the defendant's contention that his confession was involuntary by reason of a conflict of interest on the part of an attorney who himself had been, for a brief time, a suspect in the case and with whom the defendant had had private conversations before being questioned by police, where neither the defendant's nor the attorney's testimony suggested that the attorney had given any advice to the defendant on the matter, or had otherwise induced him to confess. [910-913]
In a criminal case there was no basis for the defendant's claim that police had denied him his right to have an attorney present during questioning. [913]

INDICTMENT found and returned in the Superior Court Department on October 12, 1979.

The case was tried before *Prince, J.*

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Steven J. Rappaport* for the defendant.

*Pamela L. Hunt,* Assistant District Attorney, for the Commonwealth.

WILKINS, J. We granted the defendant's application for further appellate review to consider an issue that divided a panel of the Appeals Court. *Commonwealth v. Stirk,* 16 Mass. App. Ct. 280 (1983); *id.* at 286 (Dreben, J., dissenting in part). That issue was whether an attorney who advised the defendant prior to his confession, which was used to convict him of murder in the second degree, had such a conflict of interest that a new trial was required at which the confession

would not be admissible. A majority of the Appeals Court panel accepted the trial judge's determination that there was no genuine conflict of interest.

We conclude that the defendant has failed to demonstrate that he was prejudiced by anything the attorney did or did not do, that in fact the defendant did not look to the attorney for legal advice, that he received no legal advice from the attorney, and that the defendant has made no showing that his confession was involuntary. Consequently, we need not decide whether the trial judge and the Appeals Court were correct in concluding that the attorney was not a suspect, and thus had no conflict of interest at any time he spoke with the defendant after the defendant was taken into custody.[1] We agree with the Appeals Court on the other issues argued on appeal and, therefore, affirm the judgment.

We consider first the question whether, on this record, the defendant has presented any basis for concluding that his confession was involuntary because of Mr. Sandini's involvement. We then consider separately his claim that his Miranda rights

---

[1] The issue concerning the alleged involvement of the defendant's attorney arose in the following circumstances. Stirk's initial brief to the Appeals Court did not raise any issue concerning his confession. The defendant himself filed a supplemental pro se brief in which he raised issues other than those presented by his counsel. One of those issues was a claim that he was denied his right to an impartial attorney to advise him of the consequences of his statement to the police, with the result that his Miranda rights were negated. He referred to the Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States. He also argued that his confession was involuntary and that his right to counsel was violated because the person who advised him, Mr. Sandini, a member of the bar, was a suspect. This conflict of interest issue was not argued to the trial judge who heard the defendant's pretrial motion to suppress his confession. After oral argument in the Appeals Court during which the "conflict of interest" issue was discussed, that court remanded the case to the trial judge directing him " 'to make detailed findings of fact on the question whether there was a genuine conflict of interest, . . . particularly with respect to whether Mr. Sandini knew or had been given reason to believe that he was not a suspect at a time when he gave the defendant legal advice.' " 16 Mass. App. Ct. at 281 n.1. The trial judge accepted the Appeals Court's conclusion that Mr. Sandini gave legal advice to the defendant. The trial judge concluded "that there was no genuine conflict of interest between Sandini and [the defendant] at a time when he gave the defendant legal advice."

were violated. We set forth the facts leading up to the defendant's confession, giving particular attention to the involvement of Mr. Sandini. In August, 1979, a body was found in a sand pit in Hudson. Police investigation identified an old motor vehicle similar to one owned by Mr. Sandini as possibly being the motor vehicle in which the victim was seen shortly before his death. The police went to Mr. Sandini's residence where they found Sandini and the defendant, who fit a description they had received of the driver of the old motor vehicle. The police gave Miranda warnings both to Mr. Sandini and to the defendant. Further police work, including a search of Mr. Sandini's motor vehicle with his consent, led to the defendant's arrest. There was evidence from police officers that the defendant and Mr. Sandini had private conversations at various times during the questioning of the defendant. Ultimately, that day, the defendant admitted to the police that he had killed the victim, but claimed that he had acted in self-defense.

Our focus is not on the fact that the police believed that Mr. Sandini was acting as an attorney nor is our focus on whether the trial judge was correct in his conclusion that, when Mr. Sandini spoke with the defendant prior to his confession, Mr. Sandini no longer considered himself to be a suspect. We are concerned with whether the defendant was relying on Mr. Sandini as an attorney, what advice may have been given, and whether the defendant's confession was not knowingly and voluntarily made. The Supreme Court of the United States has recently said that Miranda warnings are designed to protect a person's Fifth Amendment right against self-incrimination and not a defendant's Sixth Amendment right to counsel. See *United States* v. *Gouveia,* 467 U.S. 180, 188 n.5 (1984). In Federal constitutional terms, therefore, the question is not the possible ineffective assistance of counsel arising from an asserted genuine conflict of interest of Mr. Sandini but rather the voluntariness and hence the admissibility of the defendant's confession. Thus what Mr. Sandini said to the defendant can only be significant as it may bear on the voluntariness of the confession. We direct our attention then to the testimony of the defendant and Mr. Sandini concerning their conversations on the day of the defendant's arrest and confession.

At a pretrial hearing on the defendant's motion to suppress his confession, the defendant testified that Mr. Sandini had represented him in a previous criminal matter but that Mr. Sandini had told him that "[h]is license had lapsed."[2] Before his arrest, the defendant called Mr. Sandini to come to the police station but "he hadn't got his license back yet, so I didn't ask him to represent me."

The defendant heard Mr. Sandini tell two police officers that he came down to the police station as a friend. It is true, however, that, before the defendant's confession, one or more police officers believed that Mr. Sandini was acting as counsel for the defendant. The defendant never testified that Mr. Sandini told him to confess or that he was influenced in any way to confess because of what Mr. Sandini told him.

At trial Mr. Sandini testified that, although the investigating officers considered him to be the defendant's attorney, he told them he was not and that he had been suspended from the practice of law. He further testified that he went to the police station not to represent the defendant but "as a citizen." Following the Appeals Court's remand of the case for further findings concerning the possibility of Mr. Sandini's conflict of interest (see *Commonwealth* v. *Stirk,* 16 Mass. App. Ct. 280, 281 & n.1 [1983]), Mr. Sandini testified at the remand hearing that the only private conversation he had with the defendant during the investigation occurred immediately after the police found the victim's shirt in Mr. Sandini's car. He asked the defendant whether he did "it," and the defendant said, "No." Mr. Sandini did not consider himself to be acting as an attorney, and the defendant did not ask him to act as his attorney. He said that he gave no legal advice to the defendant.

The issue here is the voluntariness of the defendant's confession. Even if Mr. Sandini believed he was still a suspect in the case when the defendant confessed, that fact cannot be significant unless in some way Mr. Sandini influenced the de-

---

[2] We find no significance, one way or the other, in the fact that several months prior to the day of the defendant's arrest and confession Mr. Sandini had been suspended from the practice of law for failure to pay his annual fees to the Board of Bar Overseers.

fendant to confess. This is not a situation where a defendant cannot reasonably be expected to show the prejudicial effect of his counsel's action or inaction, as is true in our cases involving a genuine conflict of interest of trial counsel. See *Commonwealth* v. *Hodge,* 386 Mass. 165, 170 (1982). Here, the defendant had ample opportunity to show the involuntariness of his confession because of the influence of any self-interested advice he received from Mr. Sandini, acting as a friend or as an attorney. He made no attempt to do so. Indeed the testimony of the defendant and of Mr. Sandini indicates that Mr. Sandini gave no advice at all to the defendant.

The defendant presented no authority for the application of an exclusionary rule to a confession made after advice given by a self-interested friend or attorney. Assuming that such a rule exists, or should be established, the record in this case does not show that Mr. Sandini gave any advice or that the defendant thought he received any such advice. Moreover, we might expect any exclusionary rule of this character to be applied only when that advice or the absence of advice was shown to have influenced a suspect to confess to the crime. As we have said, the record is strikingly silent on such influence on the defendant.

There is no basis for the defendant's separate claim that his Miranda rights were violated. He understood his rights when given them and elected not to retain an independent attorney but rather chose to call Mr. Sandini whose connection with the matter was fully known to the defendant. Apart from the defendant's right to counsel in exercise of his Miranda rights, he had no other constitutional right to counsel at the preliminary stage of this proceeding. See *United States* v. *Gouveia,* 467 U.S. 180, 188 n.5 (1984); *Commonwealth* v. *Mandeville,* 386 Mass. 393, 401 (1982). See also *Brown* v. *United States,* 551 F.2d 619, 620-621 (5th Cir. 1977); *People* v. *Claudio,* 59 N.Y.2d 556 (1983) (no basis for claim of ineffective assistance of counsel prior to the time at which a defendant becomes entitled to counsel under the Sixth Amendment).

Although it is not clear that the defendant has raised any State constitutional claim, we see no State constitutional right

violated in the circumstances. Even if we were to conclude that the ineffective assistance of counsel selected in exercise of a defendant's rights would present a State constitutional claim, the record does not show that Mr. Sandini acted as the defendant's counsel or that the defendant was prejudiced by what Mr. Sandini did or did not do.

*Judgment affirmed.*