UNITED STATES of America, Appellee,

v.

Robert J. GIARDINO,
Defendant, Appellant.

No. 85–1752.

United States Court of Appeals,
First Circuit.

Argued May 6, 1986.
Decided July 29, 1986.

Robert J. Flynn, Jr., Framingham, Mass., for defendant, appellant.

Oliver C. Mitchell, Jr., Asst. U.S. Atty., with whom William F. Weld, U.S. Atty., Boston, Mass., was on brief for appellee.

Before BREYER and TORRUELLA, Circuit Judges, and MALETZ,* Senior Judge.

BREYER, Circuit Judge.

Robert Giardino brought a motion under 28 U.S.C. § 2255, seeking to set aside his guilty plea to federal narcotics charges. 21 U.S.C. §§ 841(a)(1), 846. He says that his plea is the product of ineffective assistance of counsel. More particularly, he says that his lawyer told him a lie; and, in the absence of the lie, he would have pleaded not guilty and insisted on a trial. The district court denied the § 2255 motion summarily. In our view, however, it should have allowed further proceedings.

When Giardino pleaded guilty, the government outlined its evidence. It expected to show that an undercover drug enforcement agent tried to buy cocaine from Paul Masone. Masone took the agent to a room in South Boston where Giardino was present. Masone introduced Giardino as his partner. At one point, Giardino looked out the window to see if a police car was nearby. Masone then gave the agent a sample of cocaine. Later, the agents saw Giardino and Masone leave the building. Masone was carrying a bag that contained cocaine. The agents arrested them. The government indicted both of them.

At his plea hearing, after elaborate warnings and explanations by the district court, Giardino admitted that he had aided and abetted Masone, and conspired with him, to possess cocaine with an intent to distribute it; and, with full knowledge of the consequences, he entered a plea of guilty.

Giardino now says that his plea and his accompanying admissions rested on an important mistake. He says that his lawyer had told him, before his plea, that he (the lawyer) had spoken to the Assistant United States Attorney, who had said that Masone had made statements to the government incriminating Giardino—statements suggesting that Giardino had originally bought the cocaine in question. Giardino says that his lawyer also told him that he (the lawyer) had spoken to Masone and that Masone had confirmed the fact that he had made these incriminating statements to government agents. Giardino thought that the government would use these statements against him at trial.

But the truth, says Giardino, is that Masone made no such statements and that Giardino's lawyer never spoke to Masone. In fact, Masone would have testified in Giardino's behalf, claiming that Giardino was, in essence, an innocent bystander who was merely present at the scene of the drug transaction. Giardino has filed an affidavit to this effect, swearing that he was just an innocent bystander and that he would not have pleaded guilty had he known the truth about what Masone had (not) said and what he was willing to say. Masone has also filed an affidavit confirming what Giardino says.

Giardino, in essence, claims that, in light of the facts he and Masone swear are true, his counsel's assistance was "ineffective," to the point where Giardino should be entitled to have his guilty plea set aside. Under the Supreme Court's recent decision in *Hill v. Lockhart,* —— U.S. ——, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), Giardino must ultimately prove two things in order to warrant setting aside his plea. First, he must show that his counsel's challenged acts or omissions made counsel's overall performance fall "below an objective standard of reasonableness." *Id.* at 369 (quoting *Strickland v. Washington,* 466 U.S. 668, 688, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984)); *see McMann v. Richardson,* 397 U.S. 759, 771, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763 (1970). Second, he must show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart,* 106 S.Ct. at 370. If we assume, for the sake of argument, the truth of Giardino's factual assertions (and reasonable inferences one might draw from them), we cannot say his motion to set aside his plea is inadequate on its face.

* Of the United States Court of International Trade, sitting by designation.

■ For one thing, if Masone's affidavit is true, his statements and testimony at a trial would have supported Giardino's 'mere presence' defense, not undermined it. The jury would have had to decide who was telling the truth—Giardino and Masone on the one side, or the government agents on the other. Unlike the petitioner in *Hill v. Lockhart,* who did not allege the requisite "prejudice," 106 S.Ct. at 371, Giardino explicitly says he would have gone to trial had he known the truth about Masone's likely testimony. If the rest of what he says is true, this assertion seems reasonable. That is to say, on the present state of the record, we cannot exclude "a reasonable probability that, but for counsel's errors, [Giardino] would not have pleaded guilty." *Id.* at 370.

For another thing, the conduct of which Giardino accuses his attorney falls "below an objective standard of reasonableness." *Id.* at 369. He says that, even though he urged his attorney to speak with Masone to find out what Masone would say, the attorney did not see Masone, falsely claimed to have done so, and made up a story that completely misrepresented Masone's true position and convinced Giardino to plead guilty. If all this is true, given the alleged circumstances, we could not say at this stage that he rendered "reasonably effective" assistance. *Cf. Downs-Morgan v. United States,* 765 F.2d 1534, 1538–41 (11th Cir.1985); *United States v. Unger,* 665 F.2d 251, 253–54 (8th Cir.1981), *cert. denied after later appeal,* 464 U.S. 934, 104 S.Ct. 339, 78 L.Ed.2d 308 (1983); *Strader v. Garrison,* 611 F.2d 61 (4th Cir. 1979); *United States v. Sanderson,* 595 F.2d 1021, 1022 (5th Cir.1979) (per curiam); *McAleney v. United States,* 539 F.2d 282 (1st Cir.1976); *United States v. Pallotta,* 433 F.2d 594 (1st Cir.1970).

Of course, the statements in the affidavits may not be true. Or, they may be literally true yet omit other facts or circumstances that make them less significant. Still, we cannot say that the statements are "inherently incredible." *United States v. Crooker,* 729 F.2d 889, 890 (1st Cir.1984). Nor are they mere "conclusory allegations unsupported by specifics." *Blackledge v. Allison,* 431 U.S. 63, 74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977). And, nothing in the record before us "conclusively contradicts" what Giardino says. *United States v. Butt,* 731 F.2d 75, 77 (1st Cir. 1984). Rather, "[t]he factual allegations ... relate ... primarily to purported occurrences outside the courtroom and upon which the record could, therefore, cast no real light." *Machibroda v. United States,* 368 U.S. 487, 494–95, 82 S.Ct. 510, 514, 7 L.Ed.2d 473 (1962); *see Baumann v. United States,* 692 F.2d 565, 581 (9th Cir.1982); *United States v. Unger,* 665 F.2d 251, 254 (8th Cir.1981); *United States v. Marzgliano,* 588 F.2d 395, 399 (3d Cir.1978); *see also Bender v. United States,* 387 F.2d 628, 630 (1st Cir.1967) (per curiam) (counteraffidavit from allegedly ineffective attorney "could not conclusively disprove petitioner's allegations of [attorney's] extrarecord misrepresentations"). Indeed, the record as yet contains no explicit denial of Giardino's allegations about his counsel's conduct.

■ The government relies chiefly on the fact that Giardino admitted his guilt at the plea hearing and also expressed satisfaction with his counsel. All this took place, however, before Giardino found out what he says is the truth. Viewed in light of what Giardino says he knew at the time of the plea hearing, the statements he made then cannot be said to "conclusively contradict" what he says now. They therefore cannot make otherwise ineffective assistance effective. *Compare United States v. Butt,* 731 F.2d at 80 (statements made at plea hearing are presumed truthful, but presumption can be overcome by credible reasons for departing from those earlier statements).

For these reasons, "the motion and the files and records of the case" do not "conclusively show that [Giardino] is entitled to no relief." 28 U.S.C. § 2255. Thus, summary dismissal of Giardino's motion was inappropriate. *See* Rule 4(b), Rules Governing Section 2255 Proceedings. The dis-

trict court must take further steps to determine the truth and significance of what is alleged. *See Blackledge v. Allison,* 431 U.S. at 80–83, 97 S.Ct. at 1632–34; Rules 5–8, Rules Governing § 2255 Proceedings. Nothing we have written should be taken as suggesting that Giardino's claims are true. We simply point out that his case cannot be dismissed without deciding whether they are true or false.

*Vacated and remanded.*