COMMONWEALTH vs. ROBERT GRIFFIN
(and twelve companion cases[1]).

Hampden.    January 3, 1989. — March 16, 1989.

Present: WILKINS, LIACOS, ABRAMS, NOLAN, & LYNCH, JJ.

*Constitutional Law*, Assistance of counsel. *Attorney at Law*, Conflict of interest. *Conflict of Interest. Practice, Criminal*, Assistance of counsel, Grand jury proceedings. *Grand Jury*.

Three individuals who appeared as witnesses before a grand jury had no right to the assistance of counsel under either the Sixth Amendment to the United States Constitution or art. 12 of the Declaration of Rights of the Massachusetts Constitution. [374]

Three defendants in a criminal case failed to demonstrate a genuine conflict of interest resulting from an attorney's joint representation of them during their questioning by a grand jury, where it appeared that each defendant had received effective assistance of counsel, pursuant to G. L. c. 277, § 14A, when appearing as a witness before the grand jury. [374-377]

Where a judge in a criminal case did not reach the issue of the potential conflict of interest faced by an attorney who represented three defendants when they had appeared as witnesses before a grand jury, this court remanded the case for a hearing on whether the defendants were materially prejudiced by the joint representation. [377]

INDICTMENTS found and returned in the Superior Court Department, eleven on March 20, 1985, and two on April 17, 1985.

Motions to dismiss were heard by *Lawrence B. Urbano*, J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Brett J. Vottero*, Assistant District Attorney, for the Commonwealth.

*Peter A. Velis* for Robert Griffin.

---

[1] One against Robert Griffin, six against Thomas Conlon, and five against Donald Champiney.

*Daniel R. Gintowt* for Donald Champiney.

*Leonard B. Conway* for Thomas Conlon.

NOLAN, J. The Commonwealth appeals from a Superior Court judge's dismissal of indictments against three individuals who were represented by the same attorney during questioning by a grand jury. The Superior Court judge concluded that the attorney had a genuine conflict of interest and that the only remedy was to dismiss the indictments and permit the Commonwealth to start new proceedings with a clean slate. Although the motion judge dismissed the indictments without prejudice, the Commonwealth appealed the decision to the Appeals Court. The district attorney wanted the indictments reinstated so he could use the defendants' testimony before the grand jury in any subsequent proceedings. The Commonwealth concedes that inherent in the judge's ruling to dismiss the indictment is the conclusion that the testimony would be suppressed. We transferred the case to this court on our own motion.

The grand jury was convened in Hampden County to investigate alleged misconduct by city officials in Westfield. Robert Griffin was the city's purchasing agent, Thomas Conlon was its building inspector, and Donald Champiney was a local contractor who also served on the city's planning board. Beginning March 18, 1985, each appeared as a witness before the grand jury and each had the same attorney accompany him in the grand jury room during some or all of his testimony.

After the grand jury had heard five days of testimony in March and April, 1985, from the three defendants and others, it indicted the three defendants for various alleged violations of election and bidding laws.[2]

---

[2] The grand jury indicted Griffin on two charges: (1) that he directly or indirectly solicited contributions for the mayor's re-election campaign, which public employees are forbidden to do by G. L. c. 55, § 13; and (2) that he violated G. L. c. 40, § 4B, when he conspired with Conlon, Champiney and Westfield Mayor Michael O'Connell to seek payment for contracting work Champiney did at city hall in apparent violation of bidding laws. Conlon was indicted on the following charges: (1) that he conspired with Griffin, Champiney and O'Connell to seek payment for work Champiney did at city hall in apparent violation of bidding laws; (2) that he was a public employee who solicited campaign contributions in violation of G. L.

The defendants contend they had a constitutional right to counsel before the grand jury. We disagree. This court recently reiterated that a person's right to assistance of counsel under both the Sixth Amendment to the United States Constitution, and art. 12 of the Declaration of Rights of the Massachusetts Constitution attaches only from the time that adversary judicial proceedings have been initiated. *Commonwealth* v. *Jones,* 403 Mass. 279, 286 (1988), and cases cited. As a grand jury is an investigatory and accusatory body only, *Commonwealth* v. *McLeod,* 394 Mass. 727, 733, cert. denied sub nom. *Aiello* v. *Massachusetts,* 474 U.S. 919 (1985), a proceeding before it is not an adversary judicial proceeding. *Commonwealth* v. *Gibson,* 368 Mass. 518, 525 n.2 (1975).

While Griffin, Conlon and Champiney had no constitutional right to counsel, they did, unlike the party in *Jones,* have a statutory right to consult with counsel under G. L. c. 277, § 14A (1986 ed.). The statute provides in relevant part: "Any person shall have the right to consult with counsel and to have counsel present at . . . examination before the grand jury; provided, however, that such counsel . . . shall make no objections or arguments or otherwise address the grand jury or the district attorney."

The Commonwealth argued that this statute is violated only if a grand jury witness is prohibited from having an attorney in the grand jury room or is prevented from consulting with an attorney during questioning. In analyzing a right to counsel granted by statute in a different context, however, this court held that "[a] right to counsel is of little value unless there is an expectation that counsel's assistance will be effective." *Care & Protection of Stephen,* 401 Mass. 144, 149 (1987).

---

c. 55, § 13; (3) that he solicited campaign contributions in a municipal building in violation of G. L. c. 55, § 14; (4) that he secretly recorded a meeting in violation of G. L. c. 272, § 99; and (5) that he twice filed false official reports. Champiney was indicted on five charges: (1) that he conspired with Conlon, Griffin and O'Connell in seeking payment for work he did at city hall in apparent violation of bidding laws; (2) that he twice presented a false claim to the city in violation of G. L. c. 266, § 73; and (3) that he twice committed fraud in the procurement of services in violation of G. L. c. 266, § 67A.

Thus, G. L. c. 277, § 14A, is violated if the person invoking it is denied the effective assistance of counsel.

The defendants in this case have made no claim that their counsel was incompetent, only that he had conflicting interests in representing three grand jury witnesses. We have recognized a distinction between a genuine or actual conflict of interest and a potential conflict in many cases. See, e.g., *Commonwealth* v. *Hodge*, 386 Mass. 165, 167-168 (1982); *Commonwealth* v. *Michel*, 381 Mass. 447, 453-454 (1980). If the defendant can demonstrate an actual or genuine (both adjectives have been used) conflict of interest, he need not prove prejudice. If he shows only a potential conflict, he must demonstrate prejudice. *Cuyler* v. *Sullivan*, 446 U.S. 335, 348-350 (1980). Just as a defendant invoking a constitutional right to counsel bears the burden of proving that a conflict of interest existed, *Commonwealth* v. *Shraiar*, 397 Mass. 16, 20 (1986), so must a defendant invoking a statutory right to counsel bear that burden of proof.

In assessing whether the defendants have met their burden of demonstrating their attorney's conflicting interest, the court must look at the attorney's role during the time he was alleged to be operating under a conflict. Cf. *Commonwealth* v. *Pires*, 389 Mass. 657, 661 (1983) (alleged conflict at probable cause hearing); *Commonwealth* v. *Bolduc*, 375 Mass. 530, 541 (1978) (alleged conflict at arraignment). In this case, the issue is whether the defendants received effective assistance of counsel when each appeared as a witness before a grand jury. The attorney who accompanies a client into the grand jury room has, by statute, a very limited role. G. L. c. 277, § 14A. The attorney may only advise the client whether he has a valid reason for invoking the Fifth Amendment or some other privilege or whether it is more advantageous for the client to cooperate in the investigation. See *United States* v. *Canessa*, 644 F.2d 61, 63-64 (1st Cir. 1981). While it is conceivable that an attorney could have a conflict of interest even in this limited role, this court will not infer a conflict from the mere fact of joint representation of witnesses before a grand jury. See *Pires*, *supra* at 660. "It is the defendant's burden to dem-

onstrate, without relying on speculation, that joint representation resulted in an actual conflict of interest." *Id.*

A genuine conflict of interest exists when there is joint representation and "an attorney cannot use his best efforts to exonerate one defendant for fear of implicating another defendant." *Id.* at 661. In the grand jury setting, an attorney might face such a conflict if one client claims he is innocent of a crime and accuses another client of guilt of that same crime. A conflict could develop at the grand jury stage if the attorney fails to seek a plea bargain or immunity from prosecution on behalf of Client A in exchange for Client A's cooperation when that cooperation might hurt Client B. See Tague, Multiple Representation of Targets & Witnesses During a Grand Jury Investigation, 17 Am. Crim. L. Rev. 301, 306-307 (1980).

The motion judge erred in finding a genuine conflict of interest. The defendants contend that proof of the conflict is established merely because each of them gave testimony that incriminated one or both of the others. Each of them, however, also provided self-incriminating evidence. The transcript of the grand jury proceedings indicates that each defendant attempted to explain away what happened and show that his actions did not constitute intentional wrongdoing. None of the three attempted to avoid indictment by blaming one or both of the others. None of the defendants argues that his attorney failed to seek lenient treatment in exchange for his testimony because his attorney did not wish to hurt the interests of another client. It is not shown that this is a case in which the attorney was prevented from using his best efforts to exonerate one defendant for fear of implicating another.

Conlon invoked the Fifth Amendment in refusing to answer a question whether he secretly tape recorded a meeting. Champiney later testified that Conlon told him he had recorded the meeting on tape. The fact that the testimony of one client may have formed some of the basis for a charge against another client does not, by itself, establish that the attorney representing both had conflicting interests. See *Commonwealth* v. *Davis,* 376 Mass. 777, 782 (1978). There is no claim that the attorney

attempted to trade Champiney's testimony against Conlon for better treatment of Champiney.

On this record there is no showing that the attorney for these three defendants operated under a genuine conflict when he accompanied them before the grand jury. This attorney did, however, face a potential conflict of interest in representing three witnesses before the grand jury. When a conflict of interest is merely a potential one, the defendant must demonstrate material prejudice as a result of the conflict. *Commonwealth* v. *Shraiar*, 397 Mass. 16, 20 (1986). Since the motion judge did not reach the issue of a potential conflict of interest, we remand this case for a hearing on whether the defendants were materially prejudiced by the joint representation.

To show that he was materially prejudiced, a defendant must show that irremediable harm has resulted and that it prevents the possibility of a fair trial. *Commonwealth* v. *Lam Hue To*, 391 Mass. 301, 314 (1984). If a defendant meets the burden as to any indictment, that indictment must be dismissed with prejudice. If a defendant fails to prove material prejudice as to an indictment, that indictment may stand.

Accordingly, we vacate the judge's order dismissing the indictments and remand the case for a hearing consistent with this opinion.

*So ordered.*