COMMONWEALTH *vs.* ROGER MOREAU.

No. 90-P-975.

Worcester. February 12, 1991. - June 14, 1991.

Present: DREBEN, JACOBS, & GREENBERG, JJ.

*Constitutional Law*, Assistance of counsel, Admissions and confessions. *Practice, Criminal*, Assistance of counsel, Plea, Hearing, Voluntariness of statement, Sentence.

Where a criminal defendant, in affidavits supporting his motion for leave to withdraw his guilty pleas and for a new trial, raised substantial issues with respect to claims that his pleas were involuntary as a result of ineffective assistance of counsel, the matter was remanded for an evidentiary hearing to determine the strength of the Commonwealth's case at the time defense counsel advised the defendant to confess, whether the behavior of counsel fell below the standard of *Commonwealth* v. *Saferian*, 366 Mass. 89 (1974), and, if so, whether the guilty pleas were influenced by that advice and subsequent actions of defense counsel. [682-683]

At the hearing on a defendant's motion to withdraw guilty pleas and for a new trial based on an assertion of ineffective assistance of counsel, the judge was directed to consider whether defense counsel's conduct and action at sentencing were inappropriate. [683-684]

INDICTMENTS found and returned in the Superior Court Department on January 15, 1986.

A motion for leave to withdraw pleas of guilty, and for a new trial, was considered by *James P. Donohue*, J.

*Daniel J. O'Connell, III*, for the defendant.

*Claudia R. Sullivan*, Assistant District Attorney, for the Commonwealth.

DREBEN, J. On October 3, 1985, while the defendant and a codefendant were in custody on account of a break-in of a house in Warren, counsel, who represented both of them, advised each of them to make statements to the police. Both made written statements implicating the other and setting forth in detail their involvement in the incident. The defend-

ant was subsequently indicted on charges of armed burglary, assault and battery, and assault and battery by means of a dangerous weapon. On the date set for trial, April 24, 1986, the defendant's counsel, who no longer represented the codefendant, advised the defendant to plead guilty saying, so it is alleged, "The statements you made will convict you." The defendant pleaded guilty to all charges, and after a colloquy with the judge, his pleas were accepted. A sentence in excess of the guideline (see Superior Court Sentencing Guidelines, 1980) was imposed on the most serious charge in accordance with a joint recommendation of the defendant's counsel and the prosecution.

Asserting that his plea had been involuntary and the result of ineffective assistance of counsel, the defendant filed a motion in April, 1990, accompanied by affidavits, including one from his former counsel, to vacate his guilty pleas and for a new trial. He also asked for an evidentiary hearing. This appeal stems from the denial of that motion by the motion judge (who was also the judge who had accepted the pleas) on the basis of the affidavits alone. We consider that the defendant has raised substantial issues which require an evidentiary hearing. Accordingly, we remand the matter for further proceedings. See *Commonwealth* v. *Stewart*, 383 Mass. 253, 260 (1981); *Fogarty* v. *Commonwealth*, 406 Mass. 103, 110-111 (1989); *Commonwealth* v. *Meggs*, 30 Mass. App. Ct. 111, 114 (1991). Cf. also *United States* v. *Giardino*, 797 F.2d 30, 31, 32-33 (1st Cir. 1986); *Hernandez-Hernandez* v. *United States*, 904 F.2d 758, 761 (1st Cir. 1990); but see n.3, *infra*.

There are basically three claims of ineffective assistance: poor advice prior to trial, poor advice at the plea stage, and inappropriate action at sentencing. The first question is whether, as the Commonwealth argues, the defendant's written statement was made before the right to counsel attached. If so, the defendant's claim fails because the right to effective assistance of counsel is only as broad as the right to counsel on which it rests. *Commonwealth* v. *Jones*, 403 Mass. 279, 286 (1988).

At the time of the statement, the defendant had been arrested and was in custody, but had not been arraigned. Since initiation of adversary judicial criminal proceedings had not commenced, a right to counsel under the Sixth Amendment to the United States Constitution may not yet have matured. *United States* v. *Gouveia*, 467 U.S. 180, 188 (1984). *Commonwealth* v. *Smallwood*, 379 Mass. 878, 884 (1980). *Commonwealth* v. *Stirk*, 392 Mass. 909, 913 (1984). *Commonwealth* v. *Jones*, 403 Mass. at 286-287.

The defendant was, however, entitled to the aid of counsel to protect his Fifth Amendment privilege against self-incrimination under *Miranda* v. *Arizona*, 378 U.S. 436 (1966). *United States* v. *Gouveia, supra,* at 188 n.5. See *Commonwealth* v. *Stirk, supra* at 913. Cf. *Commonwealth* v. *Griffin*, 404 Mass. 372, 375 (1989). Since "a right to counsel is of little value unless there is an expectation that counsel's assistance will be effective," *Id.* at 374, quoting from *Care and Protection of Stephen*, 401 Mass. 144, 149 (1987), the defendant's claim of ineffective assistance of counsel must be examined.

We take our facts from the findings of the judge, supplemented by some uncontroverted statements in the affidavits. After the defendant was arrested by Springfield police on October 2, 1985, he was held overnight, during which time, he claims, police officers urged him to admit his involvement in the break-in, but he refused to comply. The following morning, he was taken to Spencer District Court. An account of what happened there is set forth in an affidavit of his former counsel, Mr. John F. Fitzgerald. After discussing the case with the Warren police, Mr. Fitzgerald became aware of "the serious nature of the cases" and advised each defendant "that unless he made a statement it was [counsel's] judgment that a high bail was likely to be imposed." He added that "[t]he authorities were pressing me to advise both persons to make a complete disclosure of their involvement." After counsel advised the codefendant to cooperate with the police, the codefendant made a statement implicating himself, the defendant, and a third individual. Mr. Fitzgerald then

told the defendant "that the police were well aware of all facts connected with their case even prior to [the codefendant's] written statement." As a result of counsel's advice, the defendant also made a statement to the police. Mr. Fitzgerald was present while each defendant made his statement.

In his affidavit, the defendant contends that the police told him that the only way he could be released that day would be to give the police a statement. Mr. Fitzgerald "told me it would be in my best interest to make a statement and that it might result in a low bail." The defendant also stated that Mr. Fitzgerald never discussed with him the nature or sufficiency of the Commonwealth's case, never told him that there might be a conflict of interest arising out of the joint representation of the codefendant and himself, and never informed him that by making a statement he would be relinquishing his right against self-incrimination or that his statement would be sufficient for conviction. Moreover, during the period between his arraignment and his guilty plea, Mr. Fitzgerald never discussed "the strengths or weaknesses of the Commonwealth's case nor did he ever discuss the filing of any motion to suppress [the defendant's] statement or any other trial strategy."

When the defendant arrived at Superior Court for trial in Worcester on April 24, 1986, Mr. Fitzgerald advised him that there was no point in taking the case to trial, saying, "The statements you made will convict you." When the defendant asked if the trial could be postponed in order to allow him some time to collect his thoughts, Mr. Fitzgerald responded, "The trial begins today. Your only choice is to plead guilty." Mr. Fitzgerald did not deny any of these allegations, and only stated in his affidavit that he had counselled the defendant to plead guilty to the offenses.

The defendant withdrew his not guilty pleas and entered pleas of guilty on all charges. Following a colloquy during which the defendant acknowledged the factual basis of his pleas and stated that he was satisfied with Mr. Fitzgerald's advice and with the amount of time counsel had spent in preparation for trial, he was sentenced to a term of twelve to

twenty-five years' imprisonment on the burglary conviction (a term in excess of the guideline) pursuant to an agreement between Mr. Fitzgerald and the prosecution and to a concurrent term of nine to ten years on the charge of assault and battery by means of a dangerous weapon.[1]

In denying the defendant's motion for withdrawal of his pleas, the judge ruled that the defendant had met neither prong of the test of *Commonwealth* v. *Saferian*, 366 Mass. 89, 96 (1974).[2] He concluded as to counsel's behavior under the first prong:

> "If, as Fitzgerald stated in his affidavit, the police had a strong case against Moreau, the initial advice to give a statement was not necessarily beyond the realm of reasonable attorney conduct. After the statement had been given, it was not unreasonable for Fitzgerald to recommend that Moreau plead guilty."

The judge found not credible Mr. Fitzgerald's statements that he had advised both clients to make a statement in order to avoid a high bail or that the police had pressured him to have the defendants make a statement.

Based on the plea colloquy during which the defendant had "repeatedly affirmed his satisfaction with the advice of counsel and his understanding of the proceedings," the judge found the defendant's subsequent account of his attorney's shortcomings "totally lacking in credibility." He had, therefore, in the judge's view, failed to show "a reasonable probability that, but for counsel's errors, he would not have

---

[1] The indictment charging assault and battery was placed on file, the defendant not objecting.

[2] In *Saferian*, Justice Kaplan stated the test to be as follows: "[W]hat is required in the actual process of decision of claims of ineffective assistance of counsel . . . is a discerning examination and appraisal of the specific circumstances of the given case to see whether there has been serious incompetency, inefficiency, or inattention of counsel — behavior of counsel falling measurably below that which might be expected from an ordinary fallible lawyer — and, if that is found, then, typically, whether it has likely deprived the defendant of an otherwise available, substantial ground of defence."

pleaded guilty and would have instead insisted on going to trial."

Both conclusions made by the judge were reached too summarily on this record. Without knowing the strength of the evidence the police had at the time, no assessment of the reasonableness of counsel's advice to confess can be made. Circumstances favoring a confession to police are rare, and such advice may constitute ineffective assistance of counsel. See *United States* v. *Frappier*, 615 F. Supp. 51, 52-53 (D. Mass. 1985). See also *People* v. *Wilson*, 133 A. D. 2d 179, 180-181 (N.Y. 1987). As stated by Justice Jackson, "[A]ny lawyer worth his salt will tell the suspect in no uncertain terms to make no statement to police under any circumstances." *Escobedo* v. *Illinois*, 378 U.S. 478, 488 (1964), quoting from *Watts* v. *Indiana*, 338 U.S. 49, 59 (1949) (Jackson, J., concurring in part and dissenting in part).

The record contains no indication of the strength of the Commonwealth's case without the confessions. Where, as here, the claim of ineffective assistance is based on counsel's advising a defendant to confess, reliance on an affidavit of the same counsel to the effect that he told the defendant that the police were "well aware of all facts connected with their case" is insufficient, without more, to warrant a denial of the defendant's motion.

Similarly, the present state of the record does not support the judge's conclusory finding that the second prong of the *Saferian* test, 366 Mass. at 96, has not been met. In this context, whether the behavior of counsel has "likely deprived the defendant of an otherwise available substantial ground of defence," means whether the defendant would not have confessed or pleaded guilty but for the advice. See *Hill* v. *Lockhart*, 474 U.S. 52, 56, 59 (1985). *Commonwealth* v. *Stirk*, 392 Mass. at 912-913. See also Smith, Criminal Practice and Procedure § 1231 (1983).

"Because the competency of counsel affects the determination of voluntariness, entry of a guilty plea cannot constitute a waiver of the defendant's right to assert that he was incompetently advised." *Commonwealth* v. *Cepulonis*, 9 Mass.

App. Ct. 302, 304 (1980). "[T]he barrier of the plea or sentencing proceeding record, although imposing, is not invariably insurmountable." *Blackledge* v. *Allison*, 431 U.S. 63, 74-75 (1977). "Viewed in light of what [the defendant] says he knew at the time of the plea hearing, the statements he made then cannot be said to 'conclusively contradict' what he says now. They therefore cannot make otherwise ineffective assistance effective." *United States* v. *Giardino*, 797 F.2d at 32 (both *Blackledge* and *Giardino* were habeas corpus cases).[3]

Accordingly, the matter is remanded for an evidentiary hearing as to the strength of the Commonwealth's case at the time of the defendant's statement.[4] If, based on the evidence, the advice was "behavior of counsel falling measurably below that which might be expected from an ordinary fallible lawyer," the judge should determine whether the guilty pleas were influenced by this and subsequent actions of counsel. If both parts of *Saferian* are met, the judge should consider the remedy to which the defendant is entitled. See *Commonwealth* v. *Stirk*, 392 Mass. at 913, as to the possibility of suppressing the statement. Cf. *United States* v. *Frappier*, 615 F. Supp. at 53. Cf. also *Commonwealth* v. *Allen*, 395 Mass. 448, 456 (1985); *Commonwealth* v. *Gallagher*, 408 Mass. 510, 515 (1990).[5]

At the evidentiary hearing on remand, the judge should also consider the defendant's assertion that his attorney did

---

[3]The habeas corpus statutes applicable to both Federal (28 U.S.C. § 2255 [1988]) and State prisoners (28 U.S.C. § 2243 [1988]) see *Blackledge* v. *Allison*, 431 U.S. at 74 n.4, facially are more generous in favoring hearings than is Mass.R.Crim.P. 30(c)(3), 378 Mass. 901 (1979).

[4]In determining whether Mr. Fitzgerald's advice was reasonable, it is not sufficient to inquire as to what he was told by the police. He would also have had to undertake some investigation as to the basis of the information given. See *Commonwealth* v. *Haggerty*, 400 Mass. 437, 443 (1987).

The evidentiary hearing may also encompass such other matters as the judge determines relevant, including whether there was a potential conflict of interest which prejudiced the defendant. Such prejudice would be shown if it was to the interest of the codefendant, but not the defendant, to make a statement. See *Commonwealth* v. *Griffin*, 404 Mass. at 377.

[5]In his affidavit, as stated earlier, the defendant also claimed improper police pressure. If governmental action occurred and contributed to the confession, the foundation for suppression is more firm.

not tell him prior to sentencing that he — the lawyer — had agreed with the prosecution to a joint recommendation of twelve to twenty-five years and did not inform him of the opportunity to present mitigating circumstances. While Mr. Fitzgerald gave the judge information that might have mitigated the defendant's punishment (the defendant had no prior record and was allegedly merely a follower of his codefendant, who was the ringleader), the force of his presentation was vitiated because it came after he had submitted the joint recommendation of twelve to twenty-five years. Cf. *Commonwealth* v. *Lykus*, 406 Mass. 135, 146 (1989).

The order denying the defendant's motion to withdraw his guilty pleas and for a new trial is vacated, and the matter is remanded to the Superior Court for proceedings consistent with this opinion.

*So ordered.*