COMMONWEALTH *vs.* RICHARD WAYNE QUILLEN. No. 91-P-652. July 24, 1992. *Homicide. Felony-Murder Rule. Practice, Criminal*, Sentence, Instructions to jury, Assistance of counsel.

The defendant appeals from the denial of his motion for a new trial. Following his trial and convictions before a jury in the Superior Court in 1969, he was sentenced to two consecutive life sentences for murders in the second degree. He was given a third consecutive life sentence for armed robbery, and a life sentence for breaking and entering and armed assault in a dwelling, to be served concurrently with the sentence for armed robbery. After the trial, the defendant filed a notice of appeal on April 28, 1969, but assented in writing to its withdrawal by trial counsel on July 11, 1969. The defendant did not exercise any other means of appeal before filing the present motion for a new trial in 1987. We reject each of the arguments made to us in support of the defendant's motion for new trial, and, therefore, affirm the denial of that motion.

1. *Consecutive sentences.* The defendant was tried on indictments charging first degree murder and the jurors were instructed on the three statutory bases for that crime. G. L. c. 265, § 1. He claims that since the jury was not instructed that they could not return a verdict of murder in the second degree on the basis of felony-murder, a possibility exists that the verdicts were based on that theory and that the consecutive sentence imposed for the underlying felony of armed robbery cannot stand. See *Shabazz* v. *Commonwealth*, 387 Mass. 291, 293-294 (1982). In accordance with G. L. c. 265, § 1, the jury also were instructed that "[m]urder

---

[1] Carolyn W. Carbone.

which does not appear to be in the first degree is murder in the second degree." The only other mention of murder in the second degree in the instructions related to the mitigating effect of intoxication by liquor or drugs. Given such instructions and the fact that the defendant was not charged with or convicted of a felony which is not punishable by life imprisonment, second degree murder convictions based solely on a felony-murder theory were not possible, and the consecutive sentence for armed robbery was therefore permissible. See *Commonwealth* v. *Pennellatore*, 392 Mass. 382, 390 (1984).

2. *Ineffective assistance of counsel.* The defendant claims ineffective assistance of counsel in connection with the sentencing procedure and the withdrawal of his appeal. He concedes that he consented to the withdrawal of appeal. To the extent that he might have been advised to do so by his counsel, he makes no showing that he was incompetently represented, *Commonwealth* v. *Moreau*, 30 Mass. App. Ct. 677, 682 (1991), or that a direct appeal "might have accomplished something material for the defense." *Commonwealth* v. *Satterfield*, 373 Mass. 109, 115 (1977). In a motion for new trial based upon ineffective assistance of counsel, the defendant has the burden of proving that trial counsel's behavior fell measurably below what would be expected of an ordinary fallible lawyer, *Commonwealth* v. *Saferian*, 366 Mass. 89, 96 (1974), and was prejudicial to his case. *Commonwealth* v. *Rondeau*, 378 Mass. 408, 412 (1979). The mere representation that trial counsel recommended two consecutive life sentences and a fifteen to twenty year sentence to be served from and after those two sentences in the face of a recommendation by the prosecutor of three life sentences does not, of itself, sustain that burden. The defendant's conclusory reliance on *Commonwealth* v. *Lykus*, 406 Mass. 135, 145 (1989), is misplaced.

3. *Instructions to the jury.* During the hearing on his motion for a new trial, the defendant argued that certain of the judge's instructions were erroneous under the holding of *Commonwealth* v. *Grey*, 399 Mass. 469 (1987). As the defendant conceded in his brief, the decision in *Commonwealth* v. *Bray*, 407 Mass. 296 (1990), foreclosed the retroactive application of *Commonwealth* v. *Grey* to this case. Also without merit is the claim that the customary instruction on the mitigating effect of intoxication on a charge of murder in the first degree had a burden-shifting effect.

*Order denying motion for new trial affirmed.*

*James J. Brady* for the defendant.
*Jane A. Sullivan*, Assistant District Attorney, for the Commonwealth.