**Expedy MARMOL, Petitioner,**

v.

**Larry DUBOIS, Commissioner, Respondent.**

**Civ. A. No. 93–12334–H.**

United States District Court, D. Massachusetts.

March 8, 1994.

---

Expedy Marmol, pro se.

HARRINGTON, District Judge.

Recommendation is approved.

Respondent is ordered to respond to Petition.

### RECOMMENDATION ON SUMMARY DISMISSAL

February 25, 1994

ALEXANDER, United States Magistrate Judge.

Petitioner Expedy Marmol seeks federal relief of his state conviction for trafficking in heroin through a writ of habeas corpus. The petitioner challenges his conviction on two grounds: that his trial counsel harbored conflicting interests by concurrently representing the petitioner's co-defendant, and that a Massachusetts Superior Court judge erroneously failed to conduct an evidentiary hearing before ruling on the petitioner's motion for a new trial. The petition is before this Court for a determination on summary dismissal pursuant to 28 U.S.C. § 2241 and Rule Four of the Rules governing 28 U.S.C. § 2254 cases.

 Rule Four authorizes *sua sponte* dismissal of a petition "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court...." Rules Governing Habeas Corpus Cases, 28 U.S.C. § 2254 foll. (1976). A petition for habeas corpus must set forth facts that give rise to a cause of action under federal law. *See Bounds v. Smith,* 430 U.S. 817, 825, 97 S.Ct. 1491, 1496–97, 52 L.Ed.2d 72 (1977). This Court may act on the substantive challenges by way of summary dismissal, notwithstanding lack of access to the trial transcript, only where the issues "are readily susceptible to resolution without resort to the transcript." *Love v. Butler,* 952 F.2d 10, 15 (1st Cir.1991). Brevis disposition is appropriate if the petition and submitted materials make plain that the petitioner suffered no harm that is remediable under federal law. *Mahoney v. Vondergritt,* 938 F.2d 1490, 1494 (1st Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1195, 117 L.Ed.2d 436 (1992) (footnote omitted).

 In probing the sufficiency of the petition, this Court must accept the petitioner's allegations as true insofar as they are uncontradicted by the record, are not inherently incredible and are statements of fact, rather than self-serving conclusions. *Porcaro v. United States,* 784 F.2d 38, 40 (1st Cir.1986), *cert. denied,* 479 U.S. 916, 107 S.Ct. 320, 93 L.Ed.2d 293 (1986) (citing *Mack v. United States,* 635 F.2d 20–26 (1st Cir. 1980)). State court findings of fact, however, are presumptively correct. 28 U.S.C. § 2254(d). Furthermore, the liberal concept of notice pleading has been rejected in the context of habeas corpus petitions. "The petition should set out substantive facts that will enable the court to see a real possibility of constitutional error. Habeas corpus is not a general form of relief for those who seek to explore their case in search of its existence." *Aubut v. State of Maine,* 431 F.2d 688, 689 (1st Cir.1970), *cited in* Advisory Committee's Note to Rule 4, Rules Governing Habeas Corpus Cases, 28 U.S.C. § 2254 foll. (1976); *Blackledge v. Allison,* 431 U.S. 63, 75 n. 7, 97 S.Ct. 1621, 1629–30 n. 7, 52 L.Ed.2d 136 (1977).

### Prior Proceedings

On March 24, 1987, a Bristol County (Massachusetts) grand jury indicted the petitioner and his alleged co-venturer, William Roman, for trafficking in a controlled substance. Attorney John Cicilline represented both defendants. On the eve of trial, however, Mr. Roman fled. On December 2, 1988, a jury convicted the petitioner of the charged offense.

With Attorney Cicilline's aid, the petitioner unsuccessfully appealed his conviction. *Commonwealth · v. Marmol,* 30 Mass.App.Ct.

1117, 573 N.E.2d 535 (1991). After the direct appeal was decided against him, the petitioner, *pro se,* filed a motion for a new trial. He contended that Attorney Cicilline had a conflict of interest because he also represented Mr. Roman, and thus failed to provide effective assistance to the petitioner at trial. In an accompanying affidavit, Mr. Marmol stated that he was a drug user and intended to purchase drugs from Mr. Roman, but not to participate in trafficking. Mr. Marmol additionally averred that during his trial, he told Attorney Cicilline that he wished to testify and explain his presence at the scene of the arrest, and that Attorney Cicilline would not allow the petitioner to testify. On June 12, 1992, the judge who presided at Mr. Marmol's trial denied the motion for a new trial without a hearing. The trial judge explained only that "John M. Cicilline of the R.I. [sic] is a competent and experienced Attorney. An appeal was taken and denied. This motion is without merit . . ."

On July 14, 1993 the Massachusetts Appeals Court affirmed the trial judge's order denying the motion for a new trial, 34 Mass. App.Ct. 1129, 616 N.E.2d 841. In an unpublished opinion, the Appeals Court determined that the trial judge implicitly found that Mr. Marmol's affidavit was not credible. Thus, the Appeals Court held that the petitioner had failed to present a substantial issue warranting an evidentiary hearing on his motion for a new trial, or demonstrate facts necessary to prove that his attorney had an actual conflict of interests. The Supreme Judicial Court declined to further review the petitioner's motion.

*A. Petitioner's Claim for Ineffective Assistance of Counsel*

■ To establish that his trial counsel was constitutionally deficient, Mr. Marmol must demonstrate both that his attorney's performance was inferior to the point of objective unreasonableness, and that he suffered concomitant prejudice from this incompetent lawyering. *United States v. McGill,* 11 F.3d 223 (1st Cir.1993) (No. 93–1023); *see*

*also Strickland v. Washington,* 466 U.S. 668, 689–94, 104 S.Ct. 2052, 2065–2067, 80 L.Ed.2d 674, *reh'g den.,* 467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d 864 (1984). Where, as here, the petitioner contends that his counsel was ineffective because he represented clients with conflicting interests, the petitioner must demonstrate that his attorney labored under an "actual" conflict of interests, and not "some attenuated hypothesis having little consequence to the adequacy of representation." *Brien v. United States,* 695 F.2d 10, 15 (1st Cir.1982); *see also Cuyler v. Sullivan,* 446 U.S. 335, 348, 100 S.Ct. 1708, 1718, 64 L.Ed.2d 333 (1980). The Court, however, will not " 'indulge in nice calculations as to the amount of prejudice' attributable to the conflict," and a petitioner who shows that an actual conflict affected the adequacy of representation need not also prove that he suffered prejudice. *Cuyler,* 446 U.S. at 349–350, 100 S.Ct. at 1719, *quoting Glasser v. United States,* 315 U.S. 60, 76, 62 S.Ct. 457, 467, 86 L.Ed. 680 (1942).

■ To prove an actual conflict of interest, the petitioner must establish two elements: first, that some plausible alternative defense strategy was available; and second, that this alternative defense was inherently in conflict with his counsel's other loyalties or interests. *Brien,* 695 F.2d at 15; *United States v. Rodriguez Rodriguez,* 929 F.2d 747, 749 (1st Cir.1991). Although he may knowingly have accepted a potential conflict of interest when he hired his trial counsel, by utilizing the same attorney as his co-defendant, the petitioner still may be able to show that the conflict became actual, and adversely impacted the quality of representation. *See Rodriguez Rodriguez,* 929 F.2d at 750; *United States v. Fahey,* 769 F.2d 829, 835 (1st Cir.1985).

■ The petitioner avers that he wished to testify at his trial, and that his counsel prevented him from exercising this right. Mr. Marmol alleges that he would have testified at trial that he went to Mr. Roman's hotel room, where both defendants were arrested, to purchase drugs from Mr. Roman.[1] This

1. In an affidavit that accompanied his motion for a new trial, Mr. Marmol stated that "during the

trial, I told Mr. Cicilline that I wanted to testify so that I could explain to the jury that I was not

testimony, of course, would have further implicated Mr. Roman as a drug trafficker. On its face, the petitioner's affidavit thus alleges a viable alternative defense strategy which was in conflict with his counsel's obligation to the absent co-defendant.[2]

■ The Massachusetts Appeals Court recognized that the petitioner's allegations, if true, would substantiate a "genuine" conflict of interest and warrant reversal of his conviction, even without a showing of prejudice. *See Commonwealth v. Griffin*, 404 Mass. 372, 376, 535 N.E.2d 594, 596 (1989) ("A genuine conflict of interest exists when there is joint representation and 'an attorney cannot use his best efforts to exonerate one defendant for fear of implicating another defendant.' "); *Commonwealth v. Hodge*, 386 Mass. 165, 169, 434 N.E.2d 1246, 1248 (1982). The Appeals Court found, however, that the petitioner "had the burden of demonstrating the facts necessary to prove a genuine conflict of interest, and the judge found, implicitly, that the affidavit was not credible." The Appeals Court also reviewed the trial record and determined that Attorney Cicilline provided the petitioner with a vigorous defense. In particular, the Appeals Court stated that Attorney Cicilline "did not hesitate to point a finger at Roman as the drug dealer."

Ordinarily, this Court defers to written state court findings of fact when reviewing habeas corpus claims. *Sumner v. Mata*, 449 U.S. 539, 546–547, 101 S.Ct. 764, 768–769, 66 L.Ed.2d 722 (1981); 28 U.S.C. § 2254(d). A state court's conclusion that a petitioner's trial counsel rendered effective assistance, however, "is not a finding of fact binding on the federal court to the extent stated by 28 U.S.C. § 2254(d)." *Strickland v. Washington*, 466 U.S. at 698, 104 S.Ct. at 2070. The question of whether multiple representation has created a conflict of interest is a mixed question of law and fact, and state court holdings in such matters are open to collateral attack in federal court. *Id.; Cuyler v. Sullivan*, 446 U.S. at 342, 100 S.Ct. at 1715.

In this case, moreover, the trial judge's brief order does not reliably evince that he addressed the merits of the petitioner's constitutional claim or provided a full and fair hearing, and the trial judge's factual determinations therefore do not warrant automatic deference by this Court. *Strickland v. Washington*, 466 U.S. at 698, 104 S.Ct. at 2070; 28 U.S.C. § 2254(d)(1).[3] Although the Massachusetts Appeals Court independently reviewed the trial record, the petitioner's allegations raise matters outside that record, and the petition should not have been dismissed, without a hearing, on the ground that the trial judge found the petitioner to be incredible. *Rodriguez Rodriguez*, 929 F.2d at 752 (the resolution of credibility issues in habeas proceedings "is, of course, the primary purpose of an evidentiary hearing"); *cf Valleca v. Superintendent, M.C.I. Walpole*, 523 F.2d 1040, 1041 (1st Cir.1975) (a federal habeas court may rely for factual determinations on the full and fair proceedings undertaken by a state supreme court). Because the petitioner did not testify at his trial, the

---

a drug trafficker but was instead a customer of Mr. Roman's, since the testimony of the Commonwealth's witnesses showed that the room at the Ramada Inn had been rented to Mr. Roman, the drugs were found in that room, no drugs were found in my possession, and that all I did was stand outside Mr. Roman's room while he entered it to obtain the small amount of heroin I was to purchase from him. Despite those facts, Mr. Cicilline told me he would not put me on the witness stand."

**2.** An attorney's advice to his client concerning the exercise of his right to testify typically does not infringe that right. *Lema v. United States*, 987 F.2d 48, 52–53 (1st Cir.1993). Of course, an attorney may not coerce a client to waive his constitutional right. *Id.*

**3.** 28 U.S.C. § 2254(d) provides, in part,:

In any proceeding instituted in a Federal court by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, *a determination after a hearing on the merits of a factual issue*, made by a State court of competent jurisdiction in a proceeding to which the applicant for the writ and the State or an officer or agent thereof were parties, *evidenced by a written finding, written opinion, or other reliable and adequate written indicia*, shall be presumed to be correct, unless the applicant shall establish or it shall otherwise appear, or the respondent shall admit—

(1) that the merits of the factual dispute were not resolved in the State court hearing;

(2) that the factfinding procedure employed by the State court was not adequate to afford a full and fair hearing; ... (emphasis supplied).

trial judge's order, and its affirmation by the Appeals Court, necessarily must rest on the trial judge's general familiarity with the evidence adduced at trial, rather than a particular finding that the petitioner is untruthful. It is by now well established that habeas corpus is not an appellate action, but an original civil action in a federal court. *Keeney v. Tamayo–Reyes,* — U.S. —, —, 112 S.Ct. 1715, 1722, 118 L.Ed.2d 318 (1992) (O'Connor, J., dissenting). Thus, this Court should not defer to questionable "fact-finding" in a state court. *Id.*

*B. Need for an Evidentiary Hearing*

The petitioner asserts that the trial judge erred in ruling on his motion for a new trial without a hearing. As a consequence, the petitioner states, the Appeals Court had an incomplete record when it affirmed that decision.

■ The Court need not tarry long in examining this claim. As the Massachusetts Appeals Court noted, the petitioner's allegations, if deemed credible, would raise a substantial issue deserving of a full airing at an evidentiary hearing. This Court agrees with the Massachusetts Appeals Court that the petitioner's affidavit raises substantial constitutional issues, but, on the limited record before it, this Court cannot concur with the Appeals Court that the trial judge impliedly found the petitioner to be incredible. "While some ineffective assistance claims might be capable of presentation solely on the record of the criminal trial itself, most such claims require the independent development of evidence outside of, and collateral to, the criminal proceeding." *Brien v. United States,* 695 F.2d at 13. Hence, the state trial court should have heard evidence on the petitioner's claim.[4]

For the above stated reasons, this Court recommends, pursuant to Rule Four of the rules applicable to actions under 28 U.S.C. § 2254, that the petition should not be summarily dismissed, and that the respondent should answer or plead to the petition.

The parties are hereby advised that under the provisions of Rule 3(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party who objects to these proposed findings and recommendations must file a written objection thereto with the Clerk of this Court within 10 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has indicated that failure to comply with this rule shall preclude further appellate review. *See United States v. Valencia–Copete,* 792 F.2d 4 (1st Cir.1986); *Scott v. Schweiker,* 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega,* 678 F.2d 376, 378–79 (1st Cir.1982); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1st Cir.1980); *see also Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), *reh'g denied,* 474 U.S. 1111, 106 S.Ct. 899, 88 L.Ed.2d 933 (1986).

---

4. Massachusetts rule of criminal procedure 30 permits a trial judge to forgo oral testimony in deciding a motion for a new trial, *"if no substantial issue is raised by the motion or affidavits."*

Mass.R.Crim.P. 30(c)(3) (emphasis supplied). The rule thus recognizes the need for an evidentiary hearing when substantial, constitutional issues are raised.