USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 92-1089 CARLOS A. DIGIORGI ALEGRE, Petitioner, Appellant, v. UNITED STATES OF AMERICA, Respondent, Appellee. ____________________ ERRATA SHEET The first sentence of the second paragraph on page 11 in this unpublished opinion dated August 31, 1992, is amended as follows: Replace "prove his innocence" with "require the government to prove his guilt."August 31, 1992 [NOT FOR PUBLICATION] ____________________ No. 92-1089 CARLOS A. DIGIORGI ALEGRE, Petitioner, Appellant, v. UNITED STATES OF AMERICA, Respondent, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Carmen Consuelo Cerezo, U.S. District Judge] ___________________ ____________________ Before Torruella, Cyr and Stahl, Circuit Judges. ______________ ____________________ Lydia Lizarribar-Masini on brief for appellant. _______________________ Daniel F. Lopez-Romo, United States Attorney, and Jorge E. Vega- ____________________ _______________ Pacheco, Assistant United States Attorney, on brief for appellee. _______ ____________________ ____________________ Per Curiam. Carlos A. Digiorgi-Alegre ____________ ("Digiorgi") seeks to invalidate his guilty plea to charges of aiding and abetting the distribution and sale of cocaine. 28 U.S.C. 841(a)(1); 2 U.S.C. 2. His petition under 28 U.S.C. 2255 to set aside his conviction and sentence was dismissed without an evidentiary hearing. This appeal challenges the district court's rejection of his claim that ineffective assistance of counsel rendered his plea involuntary. We affirm. BACKGROUND BACKGROUND __________ At the change of plea hearing, the government outlined its case. It would show that on two separate occasions Digiorgi, with the assistance of others, had sold cocaine to a federal agent. The government represented that, in addition to the testimony of an informant and the undercover agent who had consummated the sales, it had available the following evidence: a record of conversations and photographs taken at the first sale, video recordings of the second larger sale (involving a kilogram of cocaine), and another agent's testimony regarding Digiorgi's post-arrest statements as to how he had obtained the cocaine. After detailed explication and cautions by the district judge, Digiorgi admitted that he had knowingly aided and abetted another in the second cocaine sale. He acknowledged -3- his signature on and acceptance of a written plea agreement1 filed with the court pursuant to Rule 11(e) of the Federal Rules of Criminal Procedure. Digiorgi testified that no one had made any other promise which had induced him to plead guilty. He said that he was fully cognizant of the nature of the charges and the consequences2 of pleading guilty. The court accepted the plea, and three months later sentenced ____________________ 1. In parts relevant to this appeal, the plea agreement indicated petitioner's understanding 1) of the penalty range for the offense to which he would plead guilty, namely the distribution more than 500 grams of cocaine, 21 U.S.C. 841(a)(1), 2) that the government would recommend the minimum sentence in accordance with the sentencing guidelines, 18 U.S.C. 3551 et seq., 3) that the government would request the dismissal of petitioner's indictment on charges resulting from the first cocaine sale, and 4) that he could not withdraw his plea solely on the basis of the sentence actually imposed. The plea tendered carried a statutory minimum sentence of five years and a maximum sentence of forty years, a fine not to exceed two million dollars, or both, plus a term of supervised release of at least four years. Section 841(b)(1)(B)(ii) also states: "Notwithstanding any other provision of law, the court shall not place on probation . . . any person sentenced under this subparagraph. No person sentenced under this subparagraph shall be eligible for parole during the term of imprisonment imposed therein." See ___ also 18 U.S.C. 3561(a)(2) (Probation may not be imposed ____ when expressly precluded by statute.) 2. The court engaged in the following exchange at the plea hearing: COURT: Mr. Digiorgi, did you hear the Assistant COURT U.S. Attorney state the penalty range for the offense to which you are pleading guilty? DEFENDANT: Yes. DEFENDANT COURT: And do you understand, sir, that . COURT . . you are not eligible for parole or probation? Are you aware of that? DEFENDANT: Yes. DEFENDANT Appellant's Appendix at 84-85. -4- Digiorgi, in accordance with the negotiated plea agreement, to the statutory minimum term of 60 months, a supervised release term of four years, and a mandatory penalty of $50. One and one-half years later Dogiorgi filed this 2255 motion. It alleges, inter alia,3 that his plea was induced __________ by his attorneys' misrepresentations regarding sentence and probation, and was rendered involuntary because his counsel did not file a single motion or seek discovery in aid of his defense, had failed to file a change of plea petition, pursuant to local rule, as "ordered" by the district court, and had advised him prior to sentencing using the pre- sentence report of another defendant in another case. The _______ _______ motion also alleged: "The lack of effective assistance of counsel prejudiced me as I was made to take a plea without proper legal representation, losing the opportunity of going to trial to prove my innocence." In an affidavit attached to the motion, Digiorgi's wife averred that she was present when his attorney explained that a guilty plea would net only a sentence of probation. If the "correct sentence" had been explained, the affidavit concluded, "we would not have agreed to my husband accepting culpability." Subsequently the petitioner filed an affidavit in Spanish, but it is incomplete, unsigned, and untranslated in the record. ____________________ 3. We address only those allegations and issues preserved by appropriate objection to the magistrate's report and raised and argued on appeal. -5- The government's response and opposition to the 2255 motion included detailed affidavits4 from Digiorgi's two retained attorneys who had represented him from arraignment through sentencing. Both attested that Digiorgi had admitted to them, at the outset, his participation in the offense. Each stated that they had met with Digiorgi on several occasions to discuss and evaluate the discovery material supplied by the government, including laboratory test results and agents' written reports, as well as the results of attorney interviews with the agents in the case. Both attorneys denied that probation was offered or deemed probable. Rather, the plea agreement was predicated on a definite term of incarceration to be served. Even so, the client was clearly advised that the ultimate decision as to sentence was with the presiding judge, regardless of the recommendations of the parties. The affidavits also indicated that the government's reports were fully discussed and translated prior to the change of plea, and that even though Digiorgi understood English, he had an interpreter at the plea hearing. The attorneys affirmed that Digiorgi fully ____________________ 4. While not dispositive of the ultimate question of attorney effectiveness, see United States v. Butt, 731 F.2d ___ _____________ ____ 75, 77-78 (1st Cir. 1984), such "evidence against a petitioner's extra-record contentions [may be] so overwhelming as to justify a conclusion that an allegation of a dishonored plea agreement does not raise a substantial issue of fact." Blackledge v. Allison, 431 U.S. 63, 82 n.25 __________ _______ (1977) (internal punctuation and attribution omitted). -6- understood the evidence and charges against him, and had accepted the plea agreement as preferable to the risk of trial. They maintained that pre-trial motions had been deemed unnecessary because, early on, the government had provided full discovery, and because Digiorgi, who was arrested during the offending transaction, had provided no evidence in his own defense. In reply, petitioner, without more, moved for a hearing. A magistrate found that the record belied petitioner's assertions that he was misinformed about the penalties he would incur if he pled guilty, and concluded that even if counsels' performance was otherwise constitutionally inadequate under Strickland v. Washington, 446 U.S. 668 __________ __________ (1984), the petitioner had failed to show a reasonable probability that, absent those errors, he would not have pleaded guilty. Hill v. Lockhart, 474 U.S. 52 (1985). The ____ ________ remaining grounds for relief were deemed frivolous, and dismissal was recommended. The district court agreed. DISCUSSION DISCUSSION __________ To begin, in order for a plea to be voluntary and knowing in a constitutional sense, a defendant must be "fairly apprised of its consequences." Mabry v. Johnson, 467 _____ _______ U.S. 504, 509 (1984). Normally, the plea and sentencing proceeding records interpose "a formidable barrier in any subsequent collateral proceeding", and the statements of the -7- defendant and his lawyer at such a hearing are presumed to be true. Blackledge v. Allison, 431 U.S. 63, 74 (1977) ("The __________ _______ subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal. . . .") The initial "critical question" is whether petitioner's 2255 allegations, when measured against the record are "palpably incredible" or "palpably frivolous or false". Id. at 76 ___ (attributions omitted). For 2255 purposes, summary dismissal is permitted when such allegations even if true would not entitle the petitioner to relief, or, as we conclude is the case here, when they cannot be accepted as true because "they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Dziurgot v. Luther, 897 F.2d 1222, 1225 (1st Cir. 1990) ________ ______ (attribution omitted). To set aside his plea, Digiorgi must allege, and ultimately prove, not only that his counsels' representation fell below an objectively reasonable standard, but also show ____ it likely that that constitutionally deficient performance actually affected the outcome of the plea process. Hill v. ____ Lockhart, 474 U.S. at 57-59. ________ I _ As to the first Hill requirement, petitioner's ____ allegations fail to state a claim of attorney incompetence: -8- a. Digiorgi's contentions that his counsel misinformed him about sentence and probation do not withstand scrutiny. Specifically, his claim was that "the Government had agreed to a suspended sentence and that if I did not accept [guilt] I would get a sentence of ten years to life." Contemporaneous with the plea change, however, Digiorgi filed a written plea agreement indicating his awareness that the statutory minimum term of five years would be recommended by the government. At the plea hearing he said that he understood the penalty range and sentencing guidelines for the offense to which he pleaded guilty. In addition, the district court specifically informed him that he was not eligible for probation or parole. See note 1. At sentencing ___ three month later, in arguing for the minimum sentence of five years, petitioner's attorney stated that Digiorgi "is well aware that there is no probation in this case." Digiorgi attempted to cast doubt on the presumed regularity of the plea hearing by filing his wife's affidavit. She attested to witnessing a conversation in which her husband's attorney stated that a guilty plea was the best decision as the only sentence would be probation. These assertions, filed almost one and one-half years after sentencing, are countered, by the express denials contained in the affidavits of both counsel, and are also contradicted by Digiorgi's assurances at the plea colloquy. There is no -9- sworn statement by the petitioner detailing his attorneys alleged misrepresentations to him. In sum, the records and files in the case reliably show that Digiorgi knew what the government would recommend and which sentence the court could impose. Petitioner's claimed reliance on probation is clearly refuted by the record. b. II __ Second, to survive dismissal, Digiorgi must sufficiently allege prejudice, i.e., that with adequate representation he ________ would not have changed his plea and would have insisted on going to trial. Hill, 474 U.S. at 60; United States v. ____ ______________ Giardino, 797 F.2d 30, 31 (1st Cir. 1986). Thus, even if we ________ assume, arguendo, that everything Digiorgi says is true and ________ that, despite the present state of the record, he could prove that his counsel were incompetent, he nonetheless bears the additional burden to show that "but for counsel's unprofessional errors, the result of the proceeding would have been differest." Strickland v. Washington, 466 U.S. __________ __________ 668, 694 (1984). Here, Digiorgi alleges, or rather, concludes that by pleading guilty he lost the opportunity to go to trial and require the government to prove his guilt. He has not alleged that he would have withheld his guilty plea had he -10- known that probation was unavailable. Hill requires that: ____ "in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." 474 U.S. at 59. Digiorgi's recent marriage, the only circumstance alleged to support particular reliance upon probation in deciding to plead guilty, presumably remains an equally plausible reason to plead guilty even when probation is unavailable. Petitioner offers no other reason why he would have risked trial and a higher penalty exposure had his counsel correctly informed him in that regard. But even allowing that Digiorgi had sufficiently alleged the prejudice prong of Hill v. Lockhart, the record presents ____ ________ a barrier that conclusively undermines any reasonable probability that petitioner would have insisted on going to trial. Digiorgi now contends that he was induced to enter a plea because of misrepresentations made by his retained counsel. -11- -12-