COMMONWEALTH vs. JOHN KEVIN HURLEY. January 9, 1981. The defendant was convicted of murder in the first degree. We reversed the conviction, set aside the verdict, and ordered a new trial. *Commonwealth* v. *Cobb,* 379 Mass. 456 (1980). The Supreme Court of the United States granted the Commonwealth's petition for writ of certiorari, vacated the judgment, and remanded the case for further consideration in light of *Cuyler* v. *Sullivan,* 446 U.S. 335 (1980). *Massachusetts* v. *Hurley,* 449 U.S. 909 (1980). Shortly thereafter the Commonwealth moved to dismiss the appeal on the ground that the defendant, who had been admitted to bail following this Court's reversal of the conviction, was unavailable to pursue his appeal. The motion was referred to a single justice for examination and recommendation. After hearing on the motion the single justice recommended that the motion be allowed and the appeal dismissed. Upon consideration, the full court adopts the recommendation of the single justice.

The record shows that, after the Supreme Court issued its order, the defendant was notified to appear in Superior Court for a hearing regarding his bail status. The defendant was represented by counsel but failed

to appear. He was defaulted. A capias issued and remains unexecuted. At the hearing on the motion to dismiss, defendant's counsel advised the single justice that defendant's whereabouts were unknown. In ordering defendant's appeal dismissed, we follow the long-standing practice of this court, as well as the Supreme Court of the United States, to dismiss the appeal of a defendant who has made himself unavailable during the pendency of his appeal. *Commonwealth* v. *Rezendes*, 353 Mass. 228 (1967). *Estelle* v. *Dorrough*, 420 U.S. 534, 537 (1975). *Molinaro* v. *New Jersey*, 396 U.S. 365 (1970).

*Appeal dismissed.*

The case was submitted on briefs.
*Gary A. Nickerson*, Assistant District Attorney, for the Commonwealth.
*Frederick C. Mycock* for the defendant.