COMMONWEALTH vs. BARRY W. HODGE.

Berkshire. January 5, 1982. — May 7, 1982.

Present: HENNESSEY, C.J., WILKINS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Practice, Criminal,* New trial, Assistance of counsel. *Conflict of Interest. Constitutional Law,* Assistance of counsel.

A defendant in a criminal case was denied the effective assistance of counsel, as guaranteed him by art. 12 of the Massachusetts Declaration of Rights, where the law partner of his trial attorney concurrently represented a prosecution witness in an unrelated civil matter [166-169], and he was entitled under art. 12 to a new trial notwithstanding the absence of proof either that his defense had suffered actual prejudice or that his trial attorney's performance was adversely affected as a result of the conflict of interest [169-170].

MOTION for a new trial filed in the Superior Court Department on November 10, 1980.

The proceeding was heard by *Alberti,* J.

The Supreme Judicial Court ordered direct appellate review on its own initiative.

*David O. Burbank* for the defendant.

*Stephen R. Kaplan,* Assistant District Attorney, for the Commonwealth.

O'CONNOR, J. We consider a claim that the defendant in a murder trial was denied effective assistance of counsel because his attorney's law partner concurrently represented a prosecution witness in an unrelated civil matter. We conclude that the defendant Hodge was denied the effective assistance of counsel, to which he is entitled under art. 12 of the Massachusetts Declaration of Rights, because of counsel's concurrent representation, and reverse the trial judge's denial of his motion for a new trial.[1]

---

[1] Hodge has also claimed that his attorney's previous representation of a second prosecution witness in an unrelated civil matter, even though ter-

Hodge, represented by Mr. Jack D. Curtiss, was convicted of murder in the second degree after a trial by jury. His conviction was affirmed by this court. *Commonwealth* v. *Hodge (No. 2)*, 380 Mass. 858 (1980). Thereafter, he moved for a new trial,[2] alleging he was denied effective assistance of counsel because of a conflict of interest. Following a hearing, the motion was denied. Hodge appeals.[3]

The case against Hodge was entirely circumstantial, and the evidence is set out at length in our previous decision. *Id.* at 859-861. The defense was that the killing occurred in self-defense or by accident during a struggle. A critical issue, therefore, was whether the shooting was deliberate, and part of the evidence on this issue concerned Hodge's experience in shooting at human-shaped targets.

Hodge testified on cross-examination that he had shot at silhouette targets. He was asked, "Is there a circle of maximum scoring on a silhouette target?" He answered, "If I recall, it's an oval." Asked where that was placed, Hodge answered, "It would be right about where you described in the center." The record does not show that the prosecutor had previously "described" the location of a maximum scoring area on a silhouette target.

James B. Patrick, the chief of police of Orange, testified in rebuttal that when Hodge was a firearms instructor for the police department of Orange he had learned and taught others "to shoot at human silhouette targets with a maximum score circle located in the heart or chest area." *Id.* at 863. After hearing the new trial motion, the judge found that before Mr. Curtiss's cross-examination of Patrick, Hodge

---

minated at the time of his trial, denied him effective assistance of counsel. We need not reach this claim.

[2] The same judge presided over the trial and heard the motion for a new trial.

[3] We directed the transfer of his case here on our own motion. No order of the single justice pursuant to G. L. c. 278, § 33E, was required since Hodge was convicted of second degree murder. See *Greene* v. *Commonwealth*, 385 Mass. 1008 (1982). Compare *Leaster* v. *Commonwealth*, 385 Mass. 547 (1982).

showed Mr. Curtiss "a copy of the K-5 target from the FBI Manual," informed Mr. Curtiss that the target referred to by Patrick was not used, and requested Mr. Curtiss to present evidence to that effect. Although the judge's findings are silent with respect to whether Hodge told Mr. Curtiss that he had used the K-5 target, we infer that he did. The inference is supported by uncontradicted affidavits of Hodge and Mr. Curtiss to that effect. The K-5 target, reproduced in the record, does not contain a maximum score circle in the heart or chest area. It merely contains a line circumscribing the entire torso of the silhouetted human figure.

Mr. Curtiss did not cross-examine Patrick as to the nature of the targets used, nor otherwise impeach his testimony on this issue. The reason for this has not been established. We considered Patrick's evidence on appeal, and held that it was relevant and not unduly inflammatory since it tended to show that the fatal shot through the victim's heart was deliberate. *Id.* at 863. The prosecutor relied on this evidence in closing argument.

Hodge retained Mr. Curtiss on or about June 8, 1978, before Hodge was indicted, and Mr. Curtiss continued to represent him throughout his trial and for some time thereafter. Mr. Curtiss had one law partner, Mr. Robert R. Carey, and they practiced under the firm name of Callahan, Curtiss and Carey. Mr. Carey represented Patrick in an unrelated libel suit before, during, and after Mr. Curtiss's representation of Hodge. On more than one occasion after Mr. Curtiss learned that Patrick might be a witness for the Commonwealth, and before the trial, Mr. Curtiss told Hodge about the firm's representation of Patrick, but the record does not disclose that they discussed the possible implications of this.

"A defendant is entitled to the untrammeled and unimpaired assistance of counsel free of any conflict of interest and unrestrained by commitments to others." *Commonwealth* v. *Michel*, 381 Mass. 447, 453 (1980), quoting from *Commonwealth* v. *Davis*, 376 Mass. 777, 780-781 (1978). *Glasser* v. *United States*, 315 U.S. 60, 76 (1942). "'Once a

a genuine conflict is shown, there is no additional require-
ment that prejudice be proved.'" *Commonwealth* v.
*Michel, supra*, quoting from *Commonwealth* v. *Cobb*, 379
Mass. 456, 459 (1980), vacated sub nom. *Massachusetts* v.
*Hurley*, 449 U.S. 809 (1980), appeal dismissed, 382 Mass.
690 (1981). See *Commonwealth* v. *Rondeau*, 378 Mass. 408,
415 (1979); *Commonwealth* v. *Soffen*, 377 Mass. 433, 436
(1979); *Commonwealth* v. *Leslie*, 376 Mass. 647, 651-652
(1978), cert. denied, 441 U.S. 910 (1979); *Commonwealth*
v. *Bolduc*, 375 Mass. 530, 541 (1978). See also *Holloway* v.
*Arkansas*, 435 U.S. 475, 489-490 (1978).

Mr. Curtiss was operating under a genuine conflict of in-
terest from the time it became clear that Patrick would give
nontrivial testimony for the Commonwealth. The conflict
was between Mr. Curtiss's financial interest in not antagon-
izing his firm's client by a vigorous cross-examination de-
signed to discredit him, and his duty to consider only
Hodge's best interests in deciding whether and how to cross-
examine Patrick. We do not suggest that the decision not to
cross-examine Patrick concerning the target was in fact due
to Mr. Curtiss's reluctance to antagonize him, or that Mr.
Curtiss at any time was motivated by anything other than
Hodge's best interest. However, prejudice need not be
proved, and, as we discuss below, to establish a denial of the
effective assistance of counsel to which Hodge was entitled
under art. 12, Hodge need not prove that his lawyer's per-
formance was adversely affected by the genuine conflict of
interest.

The division of Mr. Curtiss's loyalties bears a striking
resemblance to the conflict present in *Commonwealth* v.
*Cobb, supra*. Defense counsel in *Cobb* had been procured
for the defendant by a prosecution witness who was a friend
of the attorney and who was, at the time of trial, paying the
attorney for prior and current services. *Id*. at 459-460. This
court held that the defendant had been denied effective
assistance of counsel because of the relationship between
counsel and the prosecution witness, notwithstanding coun-
sel's thorough cross-examination of the witness at trial. *Id*.

at 460. It is immaterial that,at the time of trial, Mr. Curtiss's partner, rather than Mr. Curtiss himself, represented Patrick. *Commonwealth* v. *Geraway*, 364 Mass. 168 (1973).

*Cuyler* v. *Sullivan*, 446 U.S. 335 (1980), decided after *Cobb*, interprets the guarantee of effective assistance of counsel found in the Sixth Amendment to the Constitution of the United States to require that a defendant "demonstrate that an actual conflict of interest adversely affected his lawyer's performance." *Id.* at 348. To constitute a violation of the Sixth Amendment guarantee, the adverse effect need not rise to the level of actual prejudice. *United States* v. *Hearst*, 638 F.2d 1190, 1193-1194 (9th Cir. 1980), cert. denied, 451 U.S. 938 (1981). Our decision in *Cobb* was vacated by the United States Supreme Court for reconsideration in light of *Cuyler* v. *Sullivan, supra.*[4] *Massachusetts* v. *Hurley*, 449 U.S. 809 (1980). In *Cobb, supra* at 461, we held that, since there was a genuine conflict, defendant need not have demonstrated actual prejudice, but we did not consider whether he had met the requirement that the conflict adversely affected counsel's performance.

Assuming that the defendant has not fulfilled the *Cuyler* requirement of demonstrating that his lawyer's performance was adversely affected, and that, therefore, the defendant has not demonstrated a denial of Sixth Amendment guarantees, our inquiry is not complete. The Massachusetts Declaration of Rights can, and in this case does, provide greater safeguards than the Bill of Rights of the United States Constitution. We have repeatedly held that the right to be assisted effectively by counsel is independently guaranteed by art. 12. See *Commonwealth* v. *Michel, supra*; *Commonwealth* v. *Soffen, supra*; *Commonwealth* v. *Davis, supra*; *Commonwealth* v. *Leslie, supra*. As we said in *Cobb*, "the defendant is not to be put to the burden, perhaps insuperable, of probing the resolve and the possible

[4] We dismissed the appeal because the defendant made himself unavailable to prosecute it. *Commonwealth* v. *Hurley*, 382 Mass. 690 (1981).

mental conflict of counsel. Both the potential for [adverse effect on counsel's performance] and the difficulty of proving it are apparent, particularly as to things that may have been left not said or not done by counsel." *Id.* at 461. There was no judicial nor prosecutorial error in the conduct of this trial. The error was defense counsel's. Nevertheless, the right to effective assistance of counsel is fundamental. Such a fundamental right should not depend upon a defendant's ability to meet such an impossible burden, and so we hold that, having established a genuine conflict of interest, Hodge was required to prove neither actual prejudice nor adverse effect on his trial counsel's performance to entitle him to a new trial under art. 12.

The Commonwealth argues that Hodge waived his right to conflict-free counsel by permitting Mr. Curtiss to continue to represent him after being informed of the concurrent representation. We disagree. "[A] lawyer may represent multiple clients . . . if each consents . . . after full disclosure of the possible effect of such representation on the exercise of his independent professional judgment on behalf of each." S.J.C. Rule 3:07, DR 5-105 (C), as appearing in 382 Mass. 781 (1981) (formerly S.J.C. Rule 3:22). To waive his right to counsel who is loyal to him alone, Hodge must have understood and appreciated that it might be to his best interests that Patrick's credibility be vigorously attacked, and that his counsel's enthusiasm for doing so might naturally be diminished by counsel's financial interest in maintaining a good relationship with the client-witness. The record does not disclose that Mr. Curtiss made those considerations known to Hodge or that Hodge understood and appreciated them.

The order of the Superior Court denying the motion for a new trial is reversed, and the case is remanded for a new trial.

*So ordered.*