COMMONWEALTH vs. JOHN KEVIN HURLEY.

Barnstable.  December 5, 1983. — February 7, 1984.

Present: HENNESSEY, C.J., WILKINS, LIACOS, NOLAN, & O'CONNOR, JJ.

*Practice, Criminal,* Fugitive from justice, Waiver of appellate rights, Capital case, New trial.  *Conflict of Interest.  Constitutional Law,* Assistance of counsel.

Where a defendant had meritorious grounds for his appeal from a conviction of murder in the first degree and where the issues involved were important, this court exercised its discretion to reinstate the appeal, which it had previously dismissed because of the defendant's fugitive status.  [77-80]

In considering a murder case under G. L. c. 278, § 33E, this court concluded that the interests of justice would warrant granting the defendant a new trial on the ground that his lawyer's representation of a prosecution witness, who was also an alleged accomplice in the murder, established that he had been deprived of the effective assistance of counsel guaranteed him by art. 12 of the Massachusetts Declaration of Rights.  [80-81]

The grant of a new trial to a criminal defendant was conditioned upon a finding in the Superior Court that the Commonwealth's case had not been prejudiced by the defendant's conduct in making himself unavailable while his appeal was pending.  [81]

INDICTMENTS found and returned in the Superior Court on March 18, 1976.

After dismissal of the defendant's appeal, 382 Mass. 690 (1981), the Supreme Judicial Court heard a motion to reinstate his appeal and to reconsider his case under G. L. c. 278, § 33E.

*Frederick C. Mycock* for the defendant.

*W. James O'Neill,* Assistant District Attorney, for the Commonwealth.

NOLAN, J.  The defendant, John Kevin Hurley, requests that this court reinstate his appeal and reconsider his case

under G. L. c. 278, § 33E. The defendant has been convicted of murder in the first degree. On appeal from the denial of his motion for new trial, we held that the defendant was entitled to a new trial because he was denied the effective assistance of counsel. *Commonwealth* v. *Cobb*, 379 Mass. 456, 461-462, vacated sub nom. *Massachusetts* v. *Hurley*, 449 U.S. 809 (1980). We held that a conflict of interests resulted from an attorney's representation of both the defendant and a prosecution witness, who was an alleged accomplice to the murder. The Supreme Court of the United States vacated the judgment (in *Commonwealth* v. *Cobb*, *supra*) as it affected Hurley and requested that we reconsider the present case in light of *Cuyler* v. *Sullivan*, 446 U.S. 335 (1980). (*Massachusetts* v. *Hurley*, 449 U.S. 809 [1980].)

The defendant was admitted to bail after our decision in *Cobb*. Later, after the Supreme Court's decision, the Commonwealth moved to have the defendant's bail revoked. The defendant failed to appear at his bail revocation hearing. As a result, on October 16, 1980, the defendant having been found in default, a capias was issued for his arrest. Thereafter, this court dismissed the defendant's appeal. *Commonwealth* v. *Hurley*, 382 Mass. 690, 691 (1981). The defendant remained a fugitive from justice until May 26, 1981.

The importance of the issues involved persuades us to grant the defendant's motion to reinstate his appeal. Moreover, pursuant to our authority under G. L. c. 278, § 33E, we order that the defendant be given a new trial. However, we order a new trial only if a judge in the Superior Court, after a hearing, finds that the Commonwealth's case has not been prejudiced by the defendant's default.

1. The defendant contends that this court should reinstate his appeal because he should not be denied the beneficial effect of the court's ruling in *Commonwealth* v. *Cobb*, *supra*, and those cases relying on the decision. See *Commonwealth* v. *Hodge*, 386 Mass. 165 (1982). We agree, as already indicated, that the defendant's appeal should be reinstated.

We follow the generally accepted view that a defendant who is a fugitive from justice cannot insist that his appeal be heard. *Commonwealth* v. *Green*, 353 Mass. 687, 690 (1968). *Commonwealth* v. *Rezendes*, 353 Mass. 228 (1967). However, we have not yet considered when an appeal, dismissed because of a defendant's fugitive status, will be reinstated.[1]

We conclude that the allowance of a motion for reinstatement of an appeal is within the discretion of this court.[2] The United States Supreme Court, in *Molinaro* v. *New Jersey*, 396 U.S. 365, 366 (1970), noted that while a court need not adjudicate the merits of a criminal case after a convicted defendant who has sought review has escaped, the escape itself "does not strip the case of its character as an adjudicable case or controversy." *Id.*

The Commonwealth contends that the defendant, through his escape, has voluntarily waived his rights to appellate review and therefore is not entitled to reinstatement of his appeal. Although we have stated that by his voluntary act

---

[1] In *Commonwealth* v. *Richards*, 10 Mass. App. Ct. 911 (1980), the Appeals Court vacated the dismissal of an appeal because the defendant had been apprehended before the dismissal took place. The court concluded that the appeal had been improperly dismissed. However, the present situation differs from *Commonwealth* v. *Richards*, *supra*, because here the dismissal took place before the defendant was apprehended.

[2] A number of jurisdictions considering this issue have left the decision within the discretion of the court upon a showing of good cause. See *Estrada* v. *United States*, 585 F.2d 742 (5th Cir. 1978); *White* v. *State*, 514 P.2d 814, 816 (Alaska 1973); *Bretti* v. *Wainwright*, 225 So. 2d 516, 518 (Fla. 1969), modified, 255 So. 2d 266 (Fla. 1971); *Derrick* v. *State*, 406 So. 2d 48 (Miss. 1981). Texas, on the other hand, has dealt with the problem by statute and, once the appeal is dismissed, the jurisdiction of the appellate court no longer attaches. *Thompson* v. *State*, 641 S.W.2d 920, 922 (Tex. Crim. App. 1982). Some Federal jurisdictions address the problem by refusing to allow a motion for reinstatement once the dismissal has become final. See *United States* v. *Macias*, 519 F.2d 697, 698 (9th Cir. 1975) (if the defendant fails to return to the jurisdiction of the court within thirty days of the order, the dismissal is deemed final and no motion for reinstatement will be entertained). See also *State* v. *Brady*, 655 P.2d 1132, 1133 (Utah 1982) (an appeal dismissed prior to a fugitive's return to custody will not be reinstated).

the fugitive has waived his appellate rights, *Commonwealth v. Rezendes, supra,* we have stressed that "[o]ur cases do not go beyond deciding that one who is in escape from custody cannot insist that his appeal be heard." *Commonwealth v. Green, supra* at 690. "The rationale behind dismissal of a fugitive's appeal . . . rests upon the inherent discretion of any court to refuse to hear the claim of a litigant who, by escaping, has placed himself beyond the jurisdiction and control of the court, and hence, might not be responsive to the judgment of the court." *Commonwealth v. Borden,* 256 Pa. Super. 125, 127 (1978), quoting *Smith v. United States,* 94 U.S. 97 (1876). Thus, once a defendant returns to our jurisdiction and control, voluntarily or forcibly, we conclude that it is within the inherent discretion of this court to reinstate the defendant's appeal. See *United States v. Shelton,* 508 F.2d 797, 798-799 (5th Cir.), cert. denied, 423 U.S. 828 (1975) (stating that *Molinaro v. New Jersey, supra,* invests a court with discretion to reinstate an appeal in certain cases).

While this court has discretion to grant a reinstatement, we note that a motion to reinstate an appeal is an extraordinary request and should not be granted lightly. See *Estrada v. United States,* 585 F.2d 742 (5th Cir. 1978). Furthermore, a defendant has no constitutional right to have his appeal reinstated. *Estelle v. Dorrough,* 420 U.S. 534, 536-537 (1975). Nonetheless, we conclude, in the present case, that the defendant's request for reinstatement should be granted.

We are drawn to the reasoning in *White v. State,* 514 P.2d 814, 816 (Alaska 1973). In deciding to grant the defendant's motion to reinstate, that court stressed the defendant's meritorious grounds for appeal in light of recent decisions by the Supreme Court of Alaska. Similarly, in the instant case, the defendant's claim on appeal is meritorious. The recent decision of *Commonwealth v. Hodge,* 386 Mass. 165 (1982), decided after the defendant's original appeal, has a favorable impact on his case. See *Commonwealth v. Pires,* 389 Mass. 657, 659-662 (1983).

On the other hand, the court in *White* v. *State, supra* at 816, also weighed the possible prejudice to the State's case, before deciding to allow the motion to reinstate. That court found that since the delay between the date of dismissal and the motion to reinstate was a period of less than two months, no prejudice could be found. *Id.* In the present case, the defendant remained a fugitive for a period of approximately eight months. Moreover, three years have passed since the appeal was dismissed on January 9, 1981. For these reasons we cannot conclude on the present record that the Commonwealth has not been prejudiced. Therefore, our decision to grant the defendant a new trial is made contingent upon a finding by the Superior Court that the Commonwealth has not been prejudiced by the defendant's actions.

2. The United States Supreme Court has requested that we reconsider the issue whether the defendant has been denied the effective assistance of counsel in light of *Cuyler* v. *Sullivan,* 446 U.S. 335 (1980). *Massachusetts* v. *Hurley,* 449 U.S. 809 (1980). The defendant also requests that we reconsider his case pursuant to our powers under G. L. c. 278, § 33E. In the interests of justice, we conclude that the defendant should be granted a new trial. We base this decision on art. 12 of the Massachusetts Declaration of Rights and therefore, we find it unnecessary to consider the case exclusively in light of *Cuyler* v. *Sullivan, supra.* See *Herb* v. *Pitcairn,* 324 U.S. 117, 125-126 (1945). We acknowledge that when determining whether the defendant's right to effective assistance of counsel was denied in *Commonwealth* v. *Cobb,* 379 Mass. 456, 459 (1980), we relied on the Sixth and Fourteenth Amendments to the United States Constitution. We are also aware that the defendant contends for the first time in his motion for reconsideration under G. L. c. 278, § 33E, that he was denied the effective assistance of counsel under art. 12. Nevertheless, we conclude that, in the interests of justice, we must address the defendant's State constitutional claims.

General Laws c. 278, § 33E, invests this court with extraordinary powers on review of capital cases. *Commonwealth* v. *Brown,* 376 Mass. 156, 168 (1978). In addition, the statute "consigns the facts as well as the law to our consideration, gives us the power and the duty exercised by a trial judge upon a motion for a new trial, and requires us to consider the whole case broadly to determine whether there was any miscarriage of justice." *Commonwealth* v. *Geraway,* 364 Mass. 168, 175 (1973), quoting *Commonwealth* v. *Cox,* 327 Mass. 609, 614 (1951). We conclude that in this case such a miscarriage of justice occurred.

*Cuyler* v. *Sullivan,* 446 U.S. 335 (1980), interprets the right of effective assistance of counsel in the Sixth Amendment to require that a defendant "demonstrate that an actual conflict of interest adversely affected his lawyer's performance." *Id.* at 348. With respect to the effective assistance of counsel, art. 12 provides greater safeguards than the Bill of Rights of the United States Constitution. *Commonwealth* v. *Hodge,* 386 Mass. 165, 169-170 (1982). In *Commonwealth* v. *Hodge, supra,* we stressed that the right to the effective assistance of counsel was a fundamental right. Such a fundamental right should not depend on a defendant's ability to meet the nearly impossible burden of proving that a genuine conflict of interest resulted in an adverse effect on his trial counsel's performance. *Id.* at 170. Therefore, since the defendant has already demonstrated that a genuine conflict of interest existed, he need not be required to prove an adverse effect on his trial counsel's performance, much less actual prejudice. See *Commonwealth* v. *Cobb, supra* at 460-461.

As we noted in *Commonwealth* v. *Cobb, supra* at 459, the facts of this case present "a more egregious situation than *Commonwealth* v. *Geraway,* 364 Mass. 168 (1973), where a borderline conflict of interest was found sufficient to warrant a discretionary reversal of a conviction under G. L. c. 278, § 33E." After consideration under G. L. c. 278, § 33E, we believe that the interests of justice require that the defendant receive the benefit of our holding in

*Commonwealth* v. *Hodge, supra,* which was predicated primarily on our reasoning in *Commonwealth* v. *Cobb, supra.*[3]

For these reasons we remand this case to the Superior Court for a hearing to determine whether the Commonwealth's case has been prejudiced by the defendant's flight. If the Commonwealth can make no showing of prejudice other than the mere passage of time (whether the showing made is sufficient rests in the sound discretion of the trial judge), the defendant is entitled to a new trial.

*So ordered.*

---

[3] The Commonwealth suggests that our application of the *Hodge* holding to the facts of this case would amount to retroactive application of a constitutional principle. We do not agree. First, we believe that the decision in *Commonwealth* v. *Hodge, supra,* did not change the law and create new constitutional principles. Even assuming, however, that this is such a case, newly created constitutional principles should be applied to pending cases on direct appeal. *Reddick* v. *Commonwealth,* 381 Mass. 398, 400 (1980). Since we have reinstated the defendant's direct appeal, we are not applying the *Hodge* decision to cases seeking postconviction relief or collateral attack. *Id.*