JEAN M. HOLLAND *vs.* UNITED STATES.

No. 96-P-1151.

Norfolk. October 16, 1997. - February 12, 1998.

Present: PERRETTA, DREBEN, & PORADA, JJ.

*Forfeiture Proceeding. Receiver. Practice, Criminal,* Fugitive from justice.
*Lottery.*

Discussion of the ruling of the United States Supreme Court in *Degen* v.
*United States*, 517 U.S. 820 (1996). [282-283]

Where a judge of the Probate Court dismissed a petition for appointment as
receiver over certain property subject to Federal forfeiture proceedings,
based solely on a blanket application of the Federal doctrine of disentitle-
ment, this court concluded that, where such an application of the doctrine
had been subsequently invalidated by the United States Supreme Court in
*Degen* v. *United States*, 517 U.S. 820 (1996), the ruling of the probate
judge should be vacated and the matter remanded for further proceedings.
[283-284]

PETITION filed in the Norfolk Division of the Probate and
Family Court Department on August 30, 1995.

The case was heard by *Christina L. Harms*, J., on a motion to
dismiss.

*Carl Valvo* for the plaintiff.

*Richard L. Hoffman*, Assistant United States Attorney, for the
United States.

PERRETTA, J. On August 30, 1995, Jean M. Holland filed a
petition in the Probate Court seeking to be appointed the
receiver over a Massachusetts lottery ticket and the present and
future earnings paid thereon which she claimed belonged to her
brother, James A. Bulger, who had disappeared on or about
December 25, 1994, under unknown circumstances. Holland
claimed an interest in the property in her own right and on
behalf of Bulger's heirs. The Probate Court judge dismissed the
petition on the sole basis of the Federal doctrine of disentitle-
ment, that is, a doctrine that "holds [that] a person who is a

fugitive from justice may not use the resources of the civil legal system while disregarding its lawful orders in a related criminal action." *United States* v. *Eng*, 951 F.2d 461, 464 (2d Cir. 1991). We conclude that dismissal of the petition on the basis of the doctrine of disentitlement was error and, therefore, reverse the judgment.

1. *Procedural history.* On July 17, 1995, the Federal authorities, acting pursuant to a seizure warrant issued by a Federal magistrate of the United States District Court for the District of Massachusetts, seized a one-sixth share of the present and future proceeds of a winning Massachusetts lottery ticket belonging to Bulger, a fugitive from justice, and filed a complaint for forfeiture in rem under 18 U.S.C. § 981(a)(1)(A) (1994). Notice of the forfeiture was given to Bulger by certified mail, which was returned undelivered. Although Bulger never filed a claim in the Federal forfeiture proceedings either directly or through counsel, Holland did, claiming an interest in her own right and on behalf of Bulger and his heirs. She also requested, in the alternative, that if her claim as Bulger's next of kin be deemed insufficient, she be granted an extension of time in which to file her claim so that she could obtain a receivership appointment in the State Probate Court. There the matter stood in the Federal court until January 15, 1996.

In the meantime, and as noted at the outset, Holland filed her petition in the Probate Court on August 30, 1995. The motion to dismiss, brought by the United States on numerous grounds, was allowed in the Probate Court on October 5, 1995.

On January 15, 1996, the United States District Court dismissed Holland's previously filed claim on the stated basis that the "refusal of the Massachusetts Probate Court both initially and on reconsideration deprives Ms. Holland of whatever claim she might have been able to assert." Thereafter, on January 26, 1996, a default judgment and order of forfeiture against Bulger's one-sixth share of the lottery proceeds entered. On November 13, 1996, the United States Court of Appeals for the First Circuit, in a per curiam unpublished decision, denied Holland's request for a stay of the appeal pending her appeal in the State court and affirmed the District Court dismissal of her claim. The stay was denied on the basis that it had not been requested in the District Court, and the judgment of dismissal was affirmed on the ground that Holland lacked standing to file an objection or claim in the forfeiture proceeding. In affirming

the dismissal on that basis, the Court stated: "Should [Holland] eventually succeed in securing an appointment as receiver, she may move in the district court under Fed. R. Civ. P. 60(b) for appropriate relief from the federal judgment."

2. *Discussion.* In her memorandum of decision, the Probate Court judge concluded that although there would be no violation of the rule against simultaneous State and Federal actions regarding the same res if Holland were to be appointed a receiver "for the express and *limited* purpose of acquiring standing . . . *without possession of the res*" (emphasis original), such an appointment would "eviscerate the so-called 'fugitive disentitlement doctrine,' which exists precisely to preclude a fugitive (through any agent) from litigating against a forfeiture action, while he remains a fugitive."

Some six months after the Probate Court judge's memorandum on Holland's motion to reconsider the dismissal of her petition, the United States Supreme Court, in *Degen* v. *United States*, 517 U.S. 820 (1996), examined the historical justifications for application of the doctrine of disentitlement in Federal forfeiture proceedings. First, the Court concluded that delay in determining the merits of the government's forfeiture claim was not sufficient reason for disentitlement. The government's showing of probable cause to forfeit the property secures the court's jurisdiction over it notwithstanding the absence of the claimant who must refute that showing of probable cause or suffer the loss of the property. Consequently, "there is no danger the court in the forfeiture suit will waste its time rendering a judgment unenforceable in practice." *Degen, supra* at 825.

Second, although recognizing legitimacy in the government's concerns that the fugitive claimant could use the rules of civil discovery in the forfeiture proceedings, if not dismissed, to gain an advantage in the criminal matter from which he is a fugitive, the Court nonetheless concluded that trial courts have the means and the discretion to resolve those concerns "without resorting to a rule forbidding all participation by the absent claimant." *Id.* at 826.

Third, while acknowledging the fact that the needs of the courts to preserve their dignity and to deter flight are substantial interests, the Court held that "disentitlement is too blunt an instrument for advancing them." *Id.* at 828.

These conclusions as to each of the justifications for disentitlement in forfeiture proceedings when the claimant, who has

a due process right to a hearing, is a fugitive led the Court to hold that a case-by-case determination as to whether disentitlement was necessary was preferable to a strict rule of disentitlement. *Ibid.*

The United States argues that *Degen* is inapplicable in the present situation because the claimant is Holland and not the fugitive, Bulger. That argument is irrelevant to the issue before us and is better left to the Federal District Court should Holland gain standing to seek relief from the judgment there entered.

Appointment of Holland as a receiver for the limited purpose of acquiring standing would not run afoul of the well-established rule "applicable to both federal and state courts . . . that the court first assuming jurisdiction over the property may maintain and exercise that jurisdiction to the exclusion of the other." *Penn Gen. Cas. Co.* v. *Pennsylvania*, 294 U.S. 189, 195 (1935). See *Commonwealth* v. *One 1987 Ford Econoline Van*, 413 Mass. 407, 413 (1992). Massachusetts is neither exercising jurisdiction over the res nor is it in any way interfering in the forfeiture proceedings by intimating that Holland has a right to be heard or otherwise to participate in the Federal proceedings. Those are matters within the exclusive jurisdiction of the Federal court.

Nor would the appointment violate the Commonwealth's public policy, which is consistent with *Ortega-Rodriguez* v. *United States*, 507 U.S. 234, 249 (1993), a decision substantially relied upon by the Court in *Degen*.[1] See *Commonwealth* v. *Hurley*, 391 Mass. 76, 79 (1984) (reinstatement of appeal of convicted fugitive felon upon his return to custody is a matter of discretion to be exercised by appellate court). Even were a blanket rule of disentitlement the law of this Commonwealth, we think it would be inappropriate to rely upon State public policy to preclude Holland from seeking to participate in a proceeding in Federal court, clearly the appropriate forum to determine whether her participation in the proceedings would violate Federal law or policy.

Our holding is a narrow one. It is simply that because the

---

[1] In *Ortega-Rodriguez*, 507 U.S. at 249, the Court reexamined the traditional justifications for dismissal of appeals of convicted felons who were fugitives from justice and concluded that "[a]bsent some connection between a defendant's fugitive status and his appeal, as provided when a defendant is at large during 'the ongoing appellate process,' *Estelle* [v. *Dorrough*], 420 U.S. [534,] 542, n.11 [1975], the justifications advanced for dismissal of fugitives' pending appeals generally will not apply."

sole reason for the dismissal of Holland's petition for appointment, blanket application of the Federal doctrine of disentitlement, has been invalidated by *Degen*, the Probate Court judge's ruling is now without basis and must be vacated.

3. *Conclusion.* The order of dismissal of Holland's petition is vacated, and the matter is remanded to the Probate Court for further proceedings consistent with this opinion.

*So ordered.*