COMMONWEALTH *vs.* RICHARD H. CROKEN.

No. 98-P-120.

Plymouth. June 9, 1999. - September 30, 1999.

Present: GREENBERG, GILLERMAN, & RAPOZA, JJ.

Further appellate review granted, 430 Mass. 1112 (2000).

*Constitutional Law,* Assistance of counsel. *Practice, Criminal,* Assistance of counsel. *Conflict of Interest. Attorney at Law,* Conflict of interest.

Where the affidavits in support of a criminal defendant's motion for a new trial raised an undisputed issue whether the defendant's trial counsel had a genuine undisclosed conflict of interest arising from a personal relationship during the pendency of the defendant's case that allegedly impaired the attorney's independent professional judgment, the defendant was entitled to an evidentiary hearing on his motion. [34-36]

INDICTMENTS found and returned in the Superior Court Department on August 22, 1994.

The cases were tried before *Judith A. Cowin,* J., and a motion for a new trial was heard by her.

*Sandra F. Bloomenthal* for the defendant.

*Brian D. Griffin,* Assistant District Attorney, for the Commonwealth.

GILLERMAN, J. The defendant was convicted by a Superior Court jury of rape of a child by force, G. L. c. 265, § 22A (two counts), and indecent assault and battery on a person under the age of fourteen years, G. L. c. 265, § 13B (three counts). Subsequently, the defendant filed a motion for a new trial, which was denied by the trial judge. The defendant's direct appeal, and his appeal from the denial of his new trial motion, have been consolidated. For the reasons stated below, we conclude that there must be an evidentiary hearing on the motion for a new trial.

The principal ground for the motion for a new trial was the claim that the defendant was denied his constitutional right to counsel as the result of counsel's alleged conflict of interest.

*Conflict of interest.* The material facts we refer to either are undisputed or appear from the affidavits of the defendant and his counsel filed in support of the defendant's new trial motion and from the affidavit of the assistant district attorney, who was trial counsel in the court proceedings against the defendant.

On April 30, 1993, the defendant was charged with two complaints in the Plymouth District Court. He was arraigned on those charges on June 3, 1993, at which time Attorney Robert LaLiberte was appointed his counsel. In August, 1994, indictments were returned to the Plymouth Superior Court charging the defendant with two counts of rape of a child with force and three counts of indecently assaulting a child under fourteen. Again, LaLiberte was appointed the defendant's counsel. After a jury trial, the defendant was convicted and sentenced on July 18, 1996. His notice of appeal was filed in a timely fashion.

On March 28, 1998, the defendant's new appellate counsel filed a motion for a new trial. The motion was supported by the affidavit of appellate counsel and the defendant's affidavit. Counsel's affidavit asserted the following:

On March 5, 1998, in a casual courthouse conversation, the defendant's new appellate counsel (counsel) was told by another attorney that LaLiberte, defendant's trial counsel, was married to Jane Doe, who had been an assistant district attorney. Counsel then reviewed the Massachusetts Lawyers Diary and Manual where she found, for the years 1992 through 1995, that "Ms. Doe" was listed as a Plymouth County assistant district attorney, and, for the year 1996, she was listed as a private attorney. Counsel then reviewed NYNEX telephone directories published for the period July, 1996, to June, 1997, and July, 1997, to June, 1998. Those directories listed Robert LaLiberte and J. Doe at the same address. Counsel also reviewed the records at the Barnstable Registry of Deeds, Registered Land Division, and found a certificate issued to Robert LaLiberte regarding the property at the same address.

The affidavit of the defendant states from May, 1993, through July, 1996, LaLiberte told the defendant that he had a girlfriend, but her name was never mentioned. The affidavit continues: "During his representation of me, I knew that Mr. LaLiberte

was living with his girlfriend." The defendant's affidavit fails to disclose the basis of that knowledge.

On the basis of these affidavits, the defendant's motion for postconviction relief argued that "Robert LaLiberte[] had a substantial undisclosed conflict of interest as he was living with and, during the pendency of this matter, bought a home in which he lived with one [Jane Doe], who as late as 1995 was an Assistant District Attorney in Plymouth County, wherein this case was tried." Substantially the same argument is made to this court. In his brief to this court, however, the defendant omits the allegation "living with" and alleges instead an "intimate personal relationship" between LaLiberte and "a female Plymouth County assistant district attorney, a member of the very same office that was actively prosecuting the [defendant]. . . . Trial [c]ounsel purchased a home with the female assistant district attorney and subsequently married her."

The affidavits of the defendant and his counsel are less than compelling. However, the Superior Court case was in progress from August, 1994, through July 18, 1996, the date of the jury's verdict. The information from the telephone directories — one telephone number for LaLiberte and Ms. Doe — for the period beginning July, 1996, suggests strongly the existence of a particularly close relationship between LaLiberte and Ms. Doe that arose prior to July, 1996. In 1995, as the case approached trial, Ms. Doe appears as a Plymouth County assistant district attorney. LaLiberte purchased his house in or about July, 1995. The fact that LaLiberte and Doe subsequently married suggests that they may have lived together prior to marriage — not an uncommon event currently — and while the defendant's case was in progress.

The defendant's allegations lack completeness, but that is understandable given the natural privacy of the circumstances surrounding the relationship between LaLiberte and Jane Doe which culminated in marriage. The defendant had no reason to believe that his attorney's unnamed girlfriend was in the District Attorney's office which was prosecuting the case against him.

Troubling, too, is the failure of the Commonwealth to offer solid affidavits from either or both of LaLiberte and Ms. Doe, leaving the affidavits of the defendant and his attorney undisputed. According to the affidavit filed by the Commonwealth's trial attorney in opposition to the motion, the female attorney referred to in the defendant's affidavit (Jane

Doe) had been employed as an assistant district attorney in Plymouth County from 1989 to December, 1994, and, since early 1998, has been a supervising attorney in the District Courts. Thus, Ms. Doe appears to be in the employ of the Commonwealth and was available to submit an affidavit stating an outline of the history of her relationship with LaLiberte in so far as it bears on the motion before us. The absence of such an affidavit suggests that the defendant's allegations may not be far from the mark. Moreover, the affidavit of the assistant district attorney merely asserts, "At no time did [Jane Doe] have any connection or involvement in the prosecution of the defendant." In the circumstances of this case, that explanation is inadequate.

Finally, the Commonwealth does not suggest that LaLiberte ever disclosed to the defendant that his girlfriend was an assistant district attorney for Plymouth County, leaving the defendant's affidavit undisputed on this point. It may be that the defendant's case was never discussed between counsel and Ms. Doe, but, in the circumstances, disclosure by LaLiberte was required if an intimate relationship with Jane Doe existed, and, if not, a simple denial under oath would have been appropriate. "Unless the affected client consents to the representation . . . a lawyer may not represent a client if there is a substantial risk that the lawyer's representation of the client would be materially and adversely affected by the lawyer's financial or other personal interests." Restatement (Third) of the Law Governing Lawyers § 206, at 625 (Proposed Final Draft No. 1 1996). "Personal interests of a lawyer that are inconsistent with those of a client might significantly limit the lawyer's ability to pursue the client's interest. Even if a lawyer could subordinate significant personal interests to the interests of clients, it is difficult to determine after the fact whether a lawyer had succeeded in keeping a client's interests foremost." *Id.* at 626 comment b (rationale). See *Commonwealth v. Hodge*, 386 Mass. 165, 170 (1982); *Commonwealth v. Martinez*, 425 Mass. 382, 392-394 (1997).

Based on the record presented to us, we conclude that it was inappropriate to reject the motion without an evidentiary hearing. A "defendant is entitled to the untrammeled and unimpaired assistance of counsel free of any conflict of interest and unrestrained by commitments to others." *Commonwealth v. Martinez*, 425 Mass. at 388, quoting from *Commonwealth v. Michel*, 381 Mass. 447, 453 (1980). "An 'actual' or 'genuine'

conflict of interest arises where the 'independent professional judgment' of trial counsel is impaired, either by his own interests, or by the interests of another client." *Commonwealth* v. *Shraiar*, 397 Mass. 16, 20 (1986). The burden is on the defendant to prove that a genuine conflict existed. *Ibid.* If a genuine conflict has been shown, the defendant need not demonstrate prejudice. *Commonwealth* v. *Martinez, supra.* This "more protective course [was chosen] to avoid putting a defendant in the untenable position where he would otherwise 'be put to the burden, perhaps insuperable, of probing the resolve and the possible mental conflict of counsel.' " *Ibid.* (citation omitted).

This is no trivial matter; the defendant received lengthy sentences. Moreover, the circumstances of this case, as revealed by the affidavits of the parties, have left unanswered critical questions about the relationship between LaLiberte and Ms. Doe, and thereby "raise genuine concerns that [the defendant] was denied the undivided loyalty of his attorney." *Commonwealth* v. *Martinez,* 425 Mass. at 389. Those concerns must be resolved in a satisfactory manner. The defendant is entitled to an evidentiary hearing and to present witnesses.

The case is remanded to the Superior Court for an evidentiary hearing on the defendant's motion for postconviction relief.

*So ordered.*