Cratsley, John C., J.
*249 INTRODUCTION
The plaintiffs (“parishioners”) filed this action on August 2, 2005 alleging that the defendant, The Roman Catholic Archbishop of Boston (“Archbishop”), is the trustee of all real and personal properly of their parish under M.G.L.c. 67, §44 through 46, and that he holds this property for the benefit of, or in trust for, Our Lady of Mount Carmel Parish. Plaintiffs’ parish was closed by the Archbishop on May 24, 2004 and the Archbishop thereafter decreed that the goods and obligations of the parish become those of the Archbishop. The parishioners, in their motion for Preliminary Injunction, seek to enjoin the Archbishop from transferring, converting, disbursing, securing, expending, alienation, conveying, or otherwise modifying the moneys, real estate, and all other personal properly held under the name of Our Lady of Mount Carmel Parish. The plaintiffs further seek, after a trial, a Declaratory Judgment ordering that the real and personal assets of the parish are held in trust for the sole benefit of its parishioners. Finally, parishioners demand an accounting by the Archbishop of all parish assets. Upon careful consideration of the parties’ oral argument and the likelihood of parishioners’ success on the merits, their Motion for Preliminary Injunction is DENIED.
DISCUSSION
Under the established test set forth in Packaging Indus. Group, Inc. v. Cheney, 380 Mass. 609 (1980), a preliminary injunction is warranted when a plaintiff demonstrates “(1) a likelihood of success on the merits; (2) that irreparable harm will result from denial of the injunction; and (3) that, in light of the [moving party’s] likelihood of success on the merits, the risk of irreparable harm to the [moving party] outweighs the potential harm to the [nonmoving party] in granting the injunction.” Loyal Order of Moose, Inc. v. Yarmouth Lodge Bd. of Health of Yarmouth, 439 Mass. 597, 601 (2003), citing Packaging Industries Group, Inc., 380 Mass. at 616-17. In other words, “an injunction may issue only if a judge concludes that the risk of irreparable harm to the plaintiffs, in light of their chances of success on their claim, outweigh the defendant’s probable harm and likelihood of prevailing on the merits of the case.” Commonwealth v. Mass. CRINC, 391 Mass. 79, 87-88 (1984).
Plaintiffs have alleged that defendant, the Archbishop, holds property pursuant to M.G.L.A. c. 67, §44 through 46. Arguing that the statute specifically enumerates the powers of the trustees, the parishioners claim the Archbishop is breaching his fiduciary duties as he holds the assets for the benefit of their parish, Our Lady of Mount Carmel. However, in a similar case, Judge Connolly of this Court rejected this very argument holding that, “the Roman Catholic Archbishop of Boston, a corporation sole, was not organized under c. 67, §44-45.” Akoury v. Roman Catholic Archbishop of Boston, 18 Mass. L. Rptr. 271 (2004). Additionally, in Zani v. Phandor Co., 281 Mass. 137 (1932), our Supreme Judicial Court (SJC) held that “it is plain that the named trustee [Roman Catholic Archbishop] is a corporation of a different nature from those incorporated under G.L.c. 67, §44.” The Akoury decision discusses many of the issues raised again by the plaintiffs in this case. Indeed, I agree with Judge Connolly that they have shown irreparable harm suffered by the closing of their church. 18 Mass. L. Rptr. 271. And, like Judge Connolly in Akoury, because the facts and result of this case appear to be clear on a “neutral principles of law” approach, I need not “inquire into matters of religious doctrines or policy” and, thus, I need not decide on the jurisdictional issues similarly raised in this case. Id.
While this case presents strikingly similar facts to those set forth in Akoury and, thus, being a collegial court, I could simply affirm Judge Connolly’s reasoning, the plaintiffs’ introduction of new federal bankruptcy cases deserves attention.[1] The pleadings of the Archdiocese in bankruptcy cases in both Oregon and Washington appear to contradict the arguments of the Archdiocese before this Court. While these cases do demonstrate the inconsistent property title claims the Diocese has recently made, a careful analysis of these bankruptcy court decisions reveals that the judges involved nevertheless rejected the arguments that the parishioners of Our Lady of Mount Carmel have crafted. Therefore, in my view, the cases submitted by the parishioners fail to increase the plaintiffs’ likelihood of success on the merits.
Relying on the bankruptcy court cases, the plaintiffs assert that the Archbishop is not the owner of parish property. Instead they argue that he holds bare legal title to such property in trust for the parish. One bankruptcy judge, however, in the very case cited by the plaintiffs, first establishes that the parishioners have no statutorily created trust because the statute, “does not establish a trust for any specific religious organization or for a congregation synod or parish or any component or subgroup or member of any religious organization.” In Re the Catholic Bishop of Spokane, Eastern District of Washington, Case Number 04-08822-PWC-11, 329 B.R. 304, 326 (2005). Additionally, while the Court determines that there is an express trust, the decision clarified that the named beneficiary is the Diocese itself stating, “they do not mean what they don’t say, that each individual parish or all other parishes or any member of the diocesan family is the beneficiary.” Id. at 328.
The plaintiffs fail to provide evidence of any basis for either an express or statutory trust. For the following reasons they also fail at establishing a constructive or resulting trust. The Akoury decision touched on the theory promulgated by plaintiffs that a constructive or resulting trust exists and declared there was “simply no evidence to warrant a finding” of either one. 18 Mass. L. Rptr. 271. “A resulting trust in real estate *250 arises when one party furnishes the consideration to purchase property, not intending a gift or advancement, yet title is taken in the name of the other ... a resulting trust must arise, if at all at the time of the execution of the deed.” Akoury, Mass. L. Rptr. 271, citing Fortin v. Roman Catholic Bishop of Worcester, 416 Mass. 781, 789 (1994). The Akoury decision goes on to state that “under Massachusetts law, a Court will declare a party constructive trustee of property for the benefit of another if he acquired the property through fraud, mistake, breach of duty, or in circumstances indicating that he could be unjustly enriched. Here, there is no evidence of wrongdoing or unjust enrichment.” Id. Such is the same in this case.
The Washington bankruptcy case, submitted by plaintiffs, addresses the voluntary contributions that parishioners claim the Archbishop holds in trust for their use. That Court, in explicitly addressing this issue, cites Restatement (Second) of Trusts, §25 cmt. at p. 71, §125, “voluntary gifts cannot result in constructive or resulting trust” and “no reported decision has been cited for the proposition that those who tithe or contribute to a church have a legally enforceable interest in the assets of the church.” In Re the Catholic Bishop of Spokane, 329 B.R. 304. Finally, as no trust exists for parishioners, the voluntary contributions they have made to Our Lady of Mount Carmel Parish, standing alone, cannot create legal title. One sentence in this case actually affirms this proposition stating, “the identity of the holder of title or beneficial interest is not a factor. If a Boy Scout camp or a church camp happen to be located on forest land leased from the federal government, those with an interest would still contribute to the physical development of the camp. Those contributions would have no effect on legal tiñe.” Id. at 331.
As this further analysis reveals, and despite the parishioners’ introduction of the cases from around the nation revealing inconsistent bankruptcy pleadings by the Archdiocese, these subsequent decisions do not improve their likelihood of success on the merits. In rejecting their new cases, and in acting as a collegial court, this Court finds Judge Connolly’s decision persuasive and rejects parishioners’ Motion for Preliminary Injunction.
ORDER
For the foregoing reasons, it is hereby ORDERED that the plaintiffs’ Motion for Preliminary Injunction is DENIED.

 In Re: Roman Catholic Archbishop of Portland in Oregon, and Successors, a Corporation Sole, United States Bankruptcy Court, District of Oregon, Case Number 04-37154-elp11, In Re: The Catholic Bishop of Spokane, A Washington Corporation Sole, United States Bankruptcy Court, Eastern District of Washington, Case Number 04-08822-PCW-11, and In Re: The Roman Catholic Church of the Diocese of Tucson, an Arizona Corporation Sole, United States Bankruptcy Court, District of Arizona, Case Number 4-04-bk-04721-JMM.