In this direct appeal from his conviction, after a jury trial, of one count of assault and battery, the defendant argues that it was error to deny his motion to dismiss because the Commonwealth failed to preserve a potentially exculpatory photograph.[2] We affirm.[3]
On April 27, 2014, the defendant had an altercation with his former girl friend during which he admittedly punched her in the face. She testified that after this, he ran into the street, brandished a firearm, fired a single shot into the air, and then ran away. A bystander saw a man run past her, pull a gun from the waistband of his pants, and fire a shot. Police who responded to the scene showed the bystander a "selfie" photograph of the defendant on the girl friend's cellular telephone (cell phone), but the bystander was unable to say whether the photograph was of the person she saw run by. The police did not preserve the photograph, and the officer was instructed by a detective not to mention the photograph in his report. The prosecutor, who learned of the photograph before trial, notified defense counsel, who moved to dismiss the indictments. It is the denial of this motion and the defendant's motion to reconsider that are at issue on appeal.
The Commonwealth acknowledges that the photograph should have been preserved and that an instruction not to include mention of it in the police report would be improper. We are of the same view on both points. However, that does not end the analysis. Instead, our task is to determine whether, in the circumstances, the judge abused her discretion in concluding that dismissal of the indictments was not required. See Commonwealth v. Kee, 449 Mass. 550, 555 (2007).
"[W]hen potentially exculpatory evidence is lost or destroyed, a balancing test is employed to determine the appropriateness and extent of remedial action. The courts must weigh the culpability of the Commonwealth, the materiality of the evidence and the potential prejudice to the defendant. To establish prejudice, the defendant must show 'a reasonable possibility, based on concrete evidence rather than a fertile imagination,' that access to the [material] would have produced evidence favorable to [the defendant's] cause."
Commonwealth v. DiBenedetto, 427 Mass. 414, 419 (1998), quoting Commonwealth v. Willie, 400 Mass. 427, 432, 433 (1987). "If remedial action is required, the judge has the discretion to fashion a remedy that will protect the defendant's rights." Mass. G. Evid. § 1102 note, at 389 (2018). Dismissal is required only where the harm is irremediable. See Commonwealth v. Sasville, 35 Mass. App. Ct. 15, 28 (1993).
Here, the judge accepted that the photograph should have been preserved and that it was potentially exculpatory, but found no bad faith on the part of the Commonwealth in permitting the victim to retain her cell phone without asking that the photograph be preserved. The judge stated that she was convinced that the defendant would be able to establish at trial that the bystander was unable to identify the defendant (the man in the photograph) as the person she saw run by, and implicitly concluded that no prejudice therefore would result. We agree. Preservation of the photograph would have added little, if anything, to the case: the jury heard that the victim provided police with a photograph of the defendant, that the photograph was shown to the bystander, and that the bystander was unable to identify the defendant as the person who ran by her on the night in question.
To the extent we were to assume that the photograph's absence nonetheless carried some prejudice, the judge's remedial actions sufficed to dissipate it; the bystander was not permitted to identify the defendant in court, the defendant was allowed to cross-examine police witnesses about the missing photograph, the defendant was permitted to argue in closing about the failure to preserve the photograph, and the judge gave a missing evidence instruction to the jury, permitting them to draw negative inferences from its loss.
For all of these reasons, the judge did not abuse her discretion in denying the motion to dismiss, or the defendant's motion to reconsider, and we affirm.
Judgment affirmed.

The defendant was indicted on multiple counts of assault and battery by means of a dangerous weapon, assault and battery, and various firearms charges. He was acquitted of all but the single assault and battery charge he now appeals.

The Commonwealth moved to dismiss this appeal on the ground that the defendant was a fugitive. See Commonwealth v. Hurley, 391 Mass. 76, 78-79 (1984) ; Commonwealth v. Green, 353 Mass. 687, 690 (1968). At oral argument the Commonwealth withdrew this motion because the defendant is no longer a fugitive.